JUDGE PRYOR
delivered the opinion oe the court.
This was a proceeding in behalf of the commonwealth to recover of the appellee on his bond as sheriff of the county of Knox for failing to collect various executions issued in favor of the state against Henry Sibert and others, and returned by the sheriff no property found.
The right of recovery is based upon the allegation that the defendants had ample property in the county upon which the executions could have been levied and full satisfaction had.
The appellee (the sheriff) filed an answer in which he alleges that all the property owned by the execution debtors, or either *284 of them, was exempt from execution, etc.; that the land owned by them did not exceed in value $1,000.
To this answer a demurrer was filed and overruled by the court, and the petition dismissed, of which the appellant complains.
The demurrer should have been sustained to the answer, as there is no allegation that the defendants in the executions were housekeepers with families; but as the case must go back with leave to the appellee to amend his pleading, it is proper to dispose of the principal question in the case, and this is, Can the owner of a homestead and other property exempt from execution claim exemption against an execution issued in favor of the commonwealth?
The statute provides that certain articles of pi’operty therein enumerated shall be exempt from execution, attachment, distress, etc. No exception whatever is made in favor of any execution creditor, and the officer having the execution and levying it upon land occupied as a homestead by the debtor must set apart, where it can be done, such part thereof as may be selected by the debtor as shall not exceed in value $1,000. Where it is indivisible, and of greater value than $1,000, section 12 of article 13 of chapter 38, General Statutes, provides the manner in which it shall be sold. The general rule in regard to the construction of such statutes is, that the state is not to be regarded as embraced within such provisions unless it is so expressed, or by necessary implication was intended to be included. This doctrine was fully recognized in the case of The Commonwealth against Cook, reported in 8 Bush, p. 220, now relied on by counsel for the state as conclusive of the question presented.
In that case the proceeding was against the sheriff and his sureties for the revenue collected by him, and which he had failed to pay over. The undertaking of his bond was to the commonwealth, and to secure the payment of the public revenue.
*285 No property of the citizen is exempt from the payment of taxes; and Cook, by virtue of his office, having made the collection, was not allowed to appropriate such moneys to his own use, by asking an exemption of his own property or that of his sureties from its payment. It was said by the court, in discussing the questions arising in that case, that the act did not apply to the state by implication, “because it would divest the state of a right, and repeal by implication an express statute subjecting to the payment of judgments (in such eases) in the name of the commonwealth against sheriffs, and other public collectors, their sureties or heirs, etc., the estate, legal and equitable, of all the defendants to said judgments..... Public policy seems to require that this exceptional right shall continue to exist in order that the public revenue may be speedily and certainly collected.” This is not a proceeding to enforce the payment of revenue collected by the sheriff, or to-enforce the payment of any moneys for the satisfaction of which the commonwealth had a lien upon all the estate of the debtor. The object of the state in enacting the exemption laws was to secure for the support and comfort of the family of the debtor certain articles of personal property, and also a homestead, from execution creditors. These are oi’dinary executions issued, doubtless, for fines imposed, or the costs of the proceeding, to be paid the officers of the court, and it is obvious that it never was intended by the law-making power that such liabilities, on the part of the debtor, should operate to deprive his family of the beneficent provisions of the statute. This intention may be arrived at by reference to the legislation on the part of the state upon this subject. It is expressly provided in the Bill of Rights that all prisoners shall be bailable by sufficient securities, unless for capital offenses, etc.; and in order to insure the appearance of the accused, or make good his default, it is provided by section 72 of the Criminal Code that “the bail shall be residents of the commonwealth, owners *286 of visible property over and above that exempt from execution to the value of the sum in which bail is required, and shall be worth that amount after the payment of their debts and liabilities.”
In nearly all the cases in which fines are imposed upon the citizen for a violation of the criminal or penal laws the party charged with the offense is liable to arrest, and when arrested is entitled to give bail, and in the exercise of this constitutional right is required, by reason of the statute, to furnish sureties who own property not exempt from execution of the value of the penalty inserted in the bond; and yet when judgment is rendered against him or his sureties, it is maintained that no part of the estate of the principal or surety is exempt from execution; if not, why, in determining the sufficiency of the surety, is it required that the property exempt from execution shall be excluded in estimating the value of the surety’s estate ? If the exempted property is liable for the judgment when rendered, the citizen may be deprived of a great constitutional right in declining to take the value of such property into consideration when bail is offered. It is evident that this enactment in reference to bail resulted from a legislative interpretation of the exemption laws of the state, and that an officer has no power to seize the exempted property of the debtor and his family by virtue of such executions. "While adhering to the doctrine in the case of the Commonwealth v. Cook, we are satisfied that ordinary executions for fines, costs, etc., in the name of the commonwealth, are embraced by the exemption laws of the state..
The judgment is reversed and cause remanded, with directions to permit the appellee, if he can do so, to amend his answer, and for further proceedings consistent with this opinion. We might add that the petition is defective, but has been cured by the answer. (10 Missouri, 154.)