CASE 58—INDICTMENT—MARCH 7.

# Malone v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. To CONSTITUTE THE STATUTORY OFFENSE OF UNLAWFULLY TAKING
   OR DETAINING A WOMAN AGAINST HER WILL with intent to have car-
   nal knowledge of her, it is sufficient that the act was done without
   the consent of the woman; and if she was unconscious or incapable
   of exercising her will, the act should be regarded as having been done
   without her consent. Therefore, where a man enters the bed of a
   woman who is asleep and takes possession of her, evidently for the
   purpose of carnally knowing her, he is guilty under the statute, al-
   though he is detected and removed before the woman is awakened.
2. To CONSTITUTE THE OFFENSE OF RAPE, it is not necessary that the act
   should be committed against the woman's will; it is sufficient that it
   is committed without her consent.

M. A. WALKER FOR APPELLANT.

Appellant, if guilty at all, is guilty of only a misdemeanor. He is not
    guilty of the statutory offense of unlawfully detaining a woman
    against her will.

P. W. HARDIN, ATTORNEY-GENERAL, for appellee.

    Brief not in record.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

This is a conviction under section 9, article 4, chap-
ter 29, of the General Statutes :

" Whoever shall unlawfully take or detain any
woman against her will, with intent to marry such
woman, or have her married to another, or with in-
tent to have carnal knowledge with her himself, or
that another shall have such knowledge, shall be con-
fined in the penitentiary not less than two nor more
than seven years."

The evidence shows that the appellant, John Ma-
lone, between seven and eight o'clock at night, stealth-

ily went into the room where Annie Divine, a girl between thirteen and fourteen years of age, was sleeping, and without waking her, removed the bed clothes from over her, pulled up her clothes, and kissed her naked person, his pants being unbuttoned and his person exposed. There was a light burning in the room, and just at this time he was detected and taken away.

He does not, in testifying as a witness, deny the acts named ; but being in the habit of staying at the house occasionally, he says, owing to his being somewhat intoxicated, he concluded he would go up stairs and go to sleep, and that he did not know the girl was in the room.

It is contended, upon this state of facts, that the appellant is only liable for an assault, and that his case does not fall within the statute under which he has been indicted. His counsel, therefore, at the close of the testimony for the prosecution, asked the court to peremptorily direct an acquittal. This was denied.

The object of the Legislature in enacting this statute was to create a less offense than that of rape, or an attempt to rape, but to hold one, who should be guilty of the conduct named in it, liable for felony ; and to do so the taking or detention must be *against the will* of the woman. It is said there was no taking or detention in this instance within the meaning and purpose of the statute, and that the appellant did nothing against the will of the girl.

It is evident his purpose was to have carnal knowledge of her. His conduct and condition of his clothing admit of no other explanation.

What he did was not only "a taking" of her, but also "a detention" against her will in law.

Undoubtedly if the female be conscious, or in possession of her will, then such conduct must be shown upon the part of the accused, for the purpose of taking or detaining her to have carnal knowledge of her; as subordinates that will to his control.

This is so in a case of rape. It was the old doctrine, however, that it was necessary to show that the carnal knowledge was had against the will of the woman, but the rule has properly been so far altered as to make the offense complete if it was committed without her consent.

Wharton says: "The original doctrine that it was necessary that the act should be *against the woman's will* may now be considered as so far modified to make it sufficient to constitute the offense that it should have been committed without her consent." (1 Wharton's Criminal Law, section 1141.)

There are cases where the will of the woman may remain passive, and yet the offense of rape be complete. She may be insensible from some cause, as from the use of stupefying drugs or otherwise, and, therefore, unable to object. In such case justice and the protection of female virtue require that the act shall be regarded as having been done without her consent, and the offender can not shield himself because she neither said yea or nay. This statute should be interpreted to conform to this view. Suppose the man uses no force, but detains the woman to have carnal knowledge of her by getting her intoxicated. She has no power over her will; it is passive; but

yet, should he not be held as an offender under the statute, just as he would be held guilty of rape in case he accomplished his purpose? Why should this not be equally true if she be asleep, and he takes possession of her for such purpose? The statute uses the words "take or detain."

The appellant had certainly taken possession of the girl for the purpose of carnally knowing her; and although she was asleep, and, therefore, incapable of exercising her will in the matter, yet it was, in law, a detention or a taking of her against her will.

Judgment affirmed.