## Smith v. Commonwealth.

(Decided January 11, 1924.)

### Appeal from Pike Circuit Court.

1. Breach of Peace—Conviction Held Supported by Evidence.—In a prosecution for breach of the peace consisting of assault, verdict of guilty held sustained by the evidence.

2. Criminal Law—Jurors Presumed to be of Ordinary Understanding.—Jurors are presumed to be persons of ordinary understanding.

3. Criminal Law—Instruction Held Not Prejudicial in View of Others.—The use of the word "wrongful," instead of the word "unlawful," in describing the character of the assault necessary to sustain a conviction for breach of the peace, held not to prejudice the substantial rights of the accused, in view of the whole instruction and another instruction regarding self-defense.

4. Criminal Law—No Reversal Unless Error Prejudicial.—Under Criminal Code of Practice, section 353, judgment of conviction will not be reversed for error unless the substantial rights of the defendant were prejudiced.

F. W. STOWERS for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Ireland Smith, was convicted in the Pike circuit court of a breach of the peace and punished by a fine of one hundred dollars and ten days' confinement in the county jail. On this appeal from the judgment his counsel insist (1), that the verdict was not sustained by the evidence, and (2), error in instruction number 1 given by the court.

The prosecuting witness was the brother of defendant and it appears that for some time prior to the assault for which the conviction was had they had become estranged because of some difficulty or misunderstanding about the location of the lines of their respective farms, which adjoined.

The witness had been to a coal mine to procure a sack of coal and was returning in a path which led a part of the way on the land of defendant, at which point the two met, and according to the witness defendant procured a

rock and struck witness a severe blow on the head at a time when he had neither by words nor acts provoked it. The skull of witness was fractured and for weeks thereafter it was doubtful as to whether he would recover. Defendant admitted the assault, but stated in his testimony that his brother provoked it by using some insulting language and drew a knife on him, and that he inflicted the blow in his necessary self-defense. Under that condition of the testimony, according to numerous cases in this court, it can not be said that the verdict was not sustained by the evidence, a proposition so manifestly true that we deem it unnecessary to refer to any prior supporting opinion.

The criticism of the instruction complained of is bottomed upon the fact that the court used the word "wrongfully" instead of the word "unlawfully" in describing the character of assault necessary to sustain a conviction; but in the same instruction the jury was told that the striking "must be not in his (defendant's) necessary or apparently necessary defense," and instruction number 2 was the regular self-defense instruction of which no complaint is made. Perhaps the word "unlawfully" would be more appropriate and more technically correct than the word "wrongfully," as used by the court; but it is perfectly manifest to any one of ordinary understanding (such as the members of the jury are presumed to be) that the word "wrongfully," as applied by the court was intended to be used in the sense of "unlawfully," and that it was so understood by the jury. Its members necessarily understood that the defendant was not guilty if he had the right to strike his brother; nor was he guilty if it was done in his necessary self-defense, as the court told them in both instructions numbers 1 and 2. That being true it cannot be said, with any degree of accuracy, that the technical error complained of, if one at all, was prejudicial to the substantial rights of the defendant, and unless it was so we have no authority to reverse the judgment under the express provisions of section 353 of the Criminal Code.

Wherefore, it is affirmed.