## Fairchild v. Commonwealth.

(Decided April 24, 1925.)

### Appeal from Johnson Circuit Court.

1. Criminal Law—Superiority in Number of Witnesses Against Find-
   ing will Not Authorize Reversal of Judgment.—Mere superiority
   in number of witnesses against finding will not authorize reversal
   of a judgment which is supported by any substantial evidence.
2. Criminal Law—That Defendant has Number while Commonwealth
   has One Witness does Not Authorize Directed Verdict.—Mere fact
   that Commonwealth's side of case rests on single witness, while
   defendant has number of witnesses, does not authorize direction
   of verdict for defendant.
3. Criminal Law—Within Jury's Province to Believe Party's Sole
   Witness.—It is within province of jury to believe single witness
   for one party as against number of witnesses testifying for other.
4. Criminal Law—Conviction Based on Testimony of Common-
   wealth's Sole Witness Held Not Unsupported by Evidence.—Con-
   viction of selling liquor is not unsupported by, or flagrantly
   against, evidence, because Commonwealth's case rests on single
   unimpeached witness, as against several, where former's testi-
   mony was positive that he bought from defendant, and that of
   opposing witnesses was negative and to effect that, though pres-
   ent, they did not observe sale.

J. B. CLARK for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K.
BYERS, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Settle—
Affirming.

The appellant, Roy Fairchild, by this appeal seeks
the reversal of a judgment of the Johnson circuit court,
entered pursuant to the verdict of a jury finding him
guilty of the offense, duly charged by indictment, of un-
lawfully selling intoxicating liquor and fixing his pun-
ishment at a fine of $100.00 and imprisonment of thirty
days in jail.

The grounds assigned by the appellant's counsel for
the reversal of the judgment are, that the trial court
committed error to the prejudice of his substantial
rights. First: In overruling his motion, made at the
conclusion of all the evidence, for an instruction peremp-
torily directing his acquittal by verdict of the jury.
Second: In overruling his motion for a new trial, because
the verdict of the jury was flagrantly against the evi-
dence.

It appears from the bill of evidence that Clark Rat-
cliff, the single witness introduced in behalf of the Com-
monwealth, testified that he purchased and received of
the appellant, at the latter's residence and within twelve
months before the finding of the indictment, a half gallon
of moonshine whiskey for which he agreed to pay him
$7.00 and that this whiskey was on the same day carried
by the witness to his own home, and on the following day
to Rockhouse. The witness admitted that shortly after
his purchase of the whiskey, he was indicted, tried and
fined for having it in his possession. He also admitted
that Press and Leander Ratcliff, Warnie Fairchild, Mil-
ford Palfrey and Burns McCarthy were at the home of
appellant when he arrived there, but did not state that
they, or any of them, witnessed or knew of his pur-
chase of the whiskey of appellant. It was likewise admit-
ted by the witness on his cross-examination that he had
previously "felt sore" toward the appellant, but had
gotten over that and at the time of buying the whiskey
and giving his testimony was on good terms with him.

The appellant, in testifying in his own behalf, denied
that he sold the witness Clark Ratcliff a half gallon or
any quantity of whiskey as stated by the latter. He ad-
mitted, however, that Ratcliff on the occasion in question
attempted to purchase whiskey of him, but claimed that
he refused to sell him any. The testimony of the appel-
lant was corroborated in many respects by that of Lean-

der and Press Ratcliff, Burns McCarthy and Warnie Fairchild, all of whom were introduced as witnesses in his behalf. These several witnesses testified that they were at the home of the appellant on the occasion named by Clark Ratcliff, the Commonwealth's witness, and that they did not see or know of his purchasing any whiskey. Three of them, Fairchild and Leander and Press Ratcliff, claimed to have heard Clark Ratcliff attempt to buy whiskey of the appellant and to have heard the latter tell him he had none; and Leander Ratcliff to have heard appellant at the same time also tell Clark Ratcliff that he had "quit fooling with it." McCarthy admitted that when he left the home of the appellant Clark Ratcliff was still there; and none of the other three witnesses for the appellant named testified that he remained with the latter and Clark Ratcliff all the time they were together, or saw Clark leave the appellant's home. It was not, therefore, shown by the appellant's witnesses or any of them that there were not opportunities for the sale of the whiskey by the appellant to Clark Ratcliff when they were not present.

It readily will be seen from what has been said of the evidence that it was quite conflicting. But that fact will not justify a reversal of the judgment. In this jurisdiction it is the well recognized rule that mere superiority in the number of witnesses against a finding will not authorize a reversal of a judgment if there is any substantial evidence supporting it. In the trial of a criminal case the jury is not compelled to accept as literally true the testimony of any witness or set of witnesses. Nor will the mere fact that the Commonwealth's side of the case is made to rest upon the testimony of a single witness, and that of the defendant upon that of a number of witnesses, authorize the trial court to take the case from the jury by directing a verdict for the defendant. But it is within the province of the jury to believe a single witness for the one party as against a number of witnesses testifying in behalf of the other party. Kenedy & Wigginton v. Comlth., 194 Ky. 502; Cloninger v. Comlth., 191 Ky. 841; May v. Comlth., 164 Ky. 109. As in this case the jury accepted the positive testimony of the one witness for the Commonwealth whose reputation for truth and veracity was unattacked, and much of that of the appellant's witnesses was of a negative character, the verdict cannot be assailed or set aside upon the

ground that it is unsupported by or flagrantly against the evidence. It is, therefore, our opinion that neither of the appellant's contentions should be sustained. Wherefore, the judgment is affirmed.