## Wireman v. Commonwealth.

(Decided January 15, 1926.)

### Appeal from Magoffin Circuit Court.

1.   Criminal Law—Bill of Exceptions, Signed by Trial Judge, Presumed to Contain all that Occurred on Subject Treated.—It is presumed that bill of exceptions, signed by trial judge, contains

all that occurred upon subject treated, and, if litigant is dissatisfied with recitals in bill, Code of Practice providing for bystanders' bills of exceptions affords him remedy to correct oversights or omissions.

2. Criminal Law—Bill of Exceptions Presumed to Contain all Facts as to Judge Entering Jury Room.—In murder prosecution, where bill of exceptions signed by trial judge disclosed that judge had entered jury room for two minutes, it will be presumed such bill contained all facts on that question, and that judge did not incorporate therein matters alleged in affidavit in support of motion for new trial as to judge's conversation with jurors, because such things did not occur.

3. Criminal Law—Accused's Constitutional Rights Not Violated Because Judge Went Into Jury Room and Remained Two Minutes.—In murder prosecution, held accused's constitutional rights were not violated because judge went into the jury room and remained there for two minutes during jury's consideration of case.

4. Criminal Law—Accused Not Entitled to Reversal on Appeal, Though Constitutional Rights Violated Where Not Prejudiced Thereby.—The right of appeal in criminal cases is not a constitutional one, but purely a creature of statute and a matter of grace, and, even though accused's constitutional rights have technically been violated, accused is not entitled to reversal unless he was prejudiced thereby.

5. Criminal Law—Argument as to Deceased Looking for Liquor Among Accused's Family Not Prejudicial.—In a murder prosecution, prosecuting attorney's argument as to deceased looking for liquor among accused's family held not prejudicial, if error.

6. Criminal Law—Original Note and Copy Properly Restricted for Purpose of Contradicting Witness by Way of Comparison.—In murder prosecution, where defendant undertook to show a certain convict witness had written a note while confined in county jail waiting to testify in case, and such witness was required to copy such note, held court properly restricted use of copy and original for purpose of contradicting witness by way of comparison.

W. R. PRATER and H. H. RAMEY, for appellant.

FRANK E. DAUGHERTY, Attorney General, A. F. BYRD and J. WOODFORD HOWARD for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant was indicted charged with the murder of Ollie Carpenter, and upon his first trial was found guilty of manslaughter. He appealed from that judgment, and the same was reversed for reasons not necessary now to discuss. Wireman v. Com., 206 Ky. 828.

In the opinion upon that appeal there is a statement of the facts which for the purpose of this opinion it is unnecessary to repeat.

Upon a second trial he was again found guilty of manslaughter, and this is an appeal from the last judgment.

It presents three questions occurring upon the last trial which are now urged as grounds of reversal, to-wit:

1.    The entering by the trial judge into the jury room after the final submission of the case to the jury, and before a verdict had been returned, and there, as alleged, conversing with the members of the jury and answering questions propounded to him by the jurors concerning the case at a time when neither defendant or any of his counsel was present.

2.    Alleged improper remarks by employed counsel during the argument of the case.

3.    The alleged erroneous and prejudicial admonition by the court as to the effect to be given certain writings offered in evidence.

1.    In support of this ground for new trial appellant filed with his motion four affidavits of persons present in the court room at the time the incident complained of occurred.    Three of those affidavits only disclose that after the case had been submitted to the jury, and in the absence of defendant and his counsel, the trial judge entered the jury room and the door was closed behind him and he remained therein alone with the jury for some two or three minutes, while the fourth affiant states in addition to the statements in the other three affidavits that he was at the time sitting in the court room near the entrance to the jury room and heard the judge conversing with the jury "pertaining to the said case, and advising them regarding their duties as jurors therein, but affiant says that he does not recall just what was said," and then further along in his affidavit he says "that so far as he could understand the said court was only endeavoring to answer questions propounded to him by members of the jury pertaining to the case."

The only reference to this matter in the bill of exceptions is that:

"After the case had been submitted to the jury, and while the jury was deliberating thereon, and before a verdict had been agreed upon, the trial judge

of this court, Hon. Chester A. Bach, and the trial judge in this case, entered the jury room alone, and closed the door and remained in said jury room a little more than two minutes with said jury."

It will be observed that the bill of exceptions signed by the trial judge only recites that he had gone into the jury room, closed the door and remained therein a little more than two minutes, and is silent as to any conversation between the judge and jurors relating to the case on trial. This is in substance what is stated in each of the three affidavits other than that of Joe Wireman, a brother of appellant, and his statement in addition is that he overheard the judge talking to the jurors "pertaining to the case," but gives no single thing he overheard between the judge and any of the jurors.

The presumption is that the bill of exceptions signed by the trial judge contains all that occurred upon the subject treated of and if a litigant is dissatisfied with the recitals in the bill, our Code of Practice providing for bystanders' bills of exception affords him all the remedy he needs to correct that oversight or omission. The bill of exceptions is in conflict with the affidavit of Joe Wireman only to the extent that it does not specifically negative his statement that the judge talked with the jurors about matters pertaining to the case. It must therefore be presumed that the trial judge, who necessarily had knowledge of what occurred did not incorporate in the bill the alleged facts stated by Wireman because they did not occur, and as the bill purports to state the whole facts and appellant did not undertake to supplement them in a bystanders' bill, we are impelled to accept as the whole facts the statements in the bill of exceptions.

The question then is, were appellant's constitutional rights violated because the trial judge went into the jury room during its consideration of the case and there remained two minutes, when there is nothing to show that anything occurred between him and any of the jurors affecting their consideration of the case?

The broad distinction between the facts of this case and those of Puckett v. Com., 200 Ky. 509, which is so confidently relied upon by appellant, is that in that case the bill of exceptions disclosed that the judge not only entered the jury room while the case was being considered and in the absence of the defendant, but advised them while there as to their duty in certain aspects of the case,

while in this case we have merely the fact that he entered the jury room alone and remained there two minutes, with nothing to show either that he advised the jury or discussed with them any aspect of the case then on trial. There was a conference in the Puckett case between the judge and jury relating to the case and to the duties of the jurors upon the trial of the case, while here we have only the bare fact that the judge entered the jury room, and nothing to show that any advice was given affecting the trial or the duties of the jurors on the trial, or any conference respecting the trial. To hold therefore that under the facts in this case the thoughtless conduct of the judge in entering the jury room, in and of itself, is an invasion of defendant's constitutional rights which entitles him to a new trial would be giving equal effect to the shadow and the substance.

The right of appeal in criminal cases is not a constitutional one; it is purely a creature of the statute and is accorded as a matter of grace. Therefore, as pointed out in the case of Meece v. Com., 78 Ky. 586, even though there has been a technical invasion of a defendant's constitutional rights, upon appeal he is not entitled to a reversal in the absence of a showing that his substantial rights have been thereby prejudicially affected, because the statutes granting the right of appeal likewise restrict the right of this court to reverse except for prejudicial error.

This court is not inclined to treat lightly the invasion of the constitutional rights of a defendant on trial, nor can we nor do we approve of the action of the trial judge in this case; but it is impracticable to seize upon every thoughtless or inconsequential action of the trial judge or any other person, and grant a new trial therefor when it is apparent that the substantial rights of the defendant were not prejudicially affected.

Appellant has been tried twice on this charge, and upon each trial has been found guilty of manslaughter, and we are impelled to the view that his substantial rights were not prejudiced by the incident we have discussed.

But it is said for defendant that employed counsel for the Commonwealth was guilty of improper argument. The language complained of is that in the discussion of the case counsel said:

"If a man hunts for trouble he goes where it is. If he is looking for liquor he goes where it is.

"Ollie Carpenter never got any liquor until he was up there among the Wiremans looking for liquor that day."

The first paragraph is merely the recital of an obvious truth, but it is said that the second paragraph was intended to convey the impression that appellant and the other Wiremans were engaged in the illicit traffic in liquor. The evidence tended to show that Carpenter was drunk upon the day of the homicide, and that George Wireman was drinking, and the evidence was in conflict as to whether Carpenter was drunk before he met George Wireman. It also showed that George Wireman had some liquor previous to the homicide on that day, and it showed that he had been to the home of two or three of his relatives in the neighborhood. So that the only inference to be drawn from counsel's statement which was not to some extent borne out by the evidence was that Carpenter was among the Wiremans looking for liquor. Assuming, therefore, that the latter statement was unauthorized, it could have been in no sense prejudicial to appellant, for the evidence showed that appellant himself did on that day in fact have some whiskey, and any unauthorized reference to the Wiremans as a family could not have prejudicially affected him.

It is likewise urged that the court greviously erred in its instructions to the jury as to the effect of certain evidence, and that contention grows out of the following facts. During the pendency of the former appeal appellant was conveyed to the reformatory at Frankfort, and was there confined when the judgment was reversed. Upon the last trial the Commonwealth conveyed to Salyersville, as witnesses, several inmates of the reformatory who were there when appellant was confined, to be used as witnesses. While those prisoners were at Salyersville they were confined in the county jail, and during their period of confinement there somebody wrote a note to appellant's brother, but which was not signed. That note was as follows:

"Joe Wireman: Bring two guns and plenty cartridges tonight at the back window after dark. We dill drop a string and you tie them on the string and we will pull them up and everything will be O. K. at trial for you all—you can bet on that. Don't fail bring them tonight."

On the trial the defendant undertook to show that one of these convict witnesses had written that note, but the convict denied having done so. The defendant then asked the court to require the witness to copy the original so as that his handwriting might be compared with it. The court at first declined to do this, but subsequently required the witness to make the copy, and permitted the original and copy to be introduced in evidence by the defendant, but instructed the jury that the writings were permitted in evidence only for the purpose of contradicting the witness by way of comparison, if it did.

The contention for appellant is that this evidence should not have been so restricted, but that it should have been admitted as substantive evidence. Manifestly the contention is erroneous. If the witness wrote the original note it was evidence which would tend to discredit his testimony as a witness, but it in no event could have borne directly upon the guilt or innocence of the defendant. If the witness wrote the note in an effort to escape from custody, or if he sought the weapons as a price for his favorable evidence, it could have tended only to discredit him and what he afterwards testified about appellant's statements to him while in the reformatory.

The last two complaints are manifestly unfounded, and the first is so thoroughly devoid of prejudicial effect we are of opinion appellant has had a fair trial.

Judgment affirmed.