## Johnson v. Commonwealth.

(Decided June 8, 1926.)

### Appeal from Pike Circuit Court.

1. Searches and Seizures—Search Warrant, Signed by Justice of Peace, Without Adding Letters Showing that he Signed it as Such, Held Valid (Ky. Stats., Section 378; Civil Code of Practice, Section 337).—Search warrant, signed by justice of the peace, without adding letters showing that he signed it as such, held valid, since there is presumption that he signed in official capacity, rule being same as applied to judge in signing orders of court and bills of exception, under Ky. Stats., section 378, and Civil Code of Practice, section 337.

2. Criminal. Law.—Allowing magistrate's signature on search warrant to be amended to show he signed it as justice of the peace held not harmful, being unnecessary.

3. Criminal Law.—Where search warrant was fair on its face, burden was on defendant, whose premises were searched, to show its invalidity.

4. Criminal Law—Where Search Warrant was Fair on its Face, Overruling Motion to Require Magistrate to Produce Affidavit on Which it was Issued Held Not Reversible Error.—Where search warrant was fair on its face, it was not reversible error to overrule motion to require magistrate to produce affidavit on which it was issued, where there was no showing that it was defective, and defendant's substantial rights were not prejudiced.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

Willard Johnson was indicted in the Pike circuit court for the offense of unlawfully manufacturing spirituous liquors. On the trial of the case the jury found him guilty and fixed his punishment at a fine of $500.00 and six months' imprisonment in the county jail. He appeals.

The officers testified that they went to his place under a search warrant and got a still out from under the hearth; they found two barrels of beer and a complete outfit under his floor. The search warrant was produced in evidence. It was regular on its face with this exception, the officer signed it thus: "Franklin Greer." It appeared that Franklin Greer was then a justice of the peace of Pike county and as such issued the warant. He was then permitted by the circuit court, over the de-

fendant's objection, to amend the warrant by adding after his signature this: "J. P. P. C." He testified that he issued the warrant upon an affidavit filed before him and by oversight left off his official title in signing the warrant. He was then asked on cross-examination: "Where is that affidavit?" and he said "At home; I did not know that this case came up for trial today." The defendant's attorney then asked that the magistrate be required to send and get the affidavit and let it be made a part of the record. To this the Commonwealth objected and the court overruled the motion, to which the de fendant excepted.

Only two questions are made on the appeal: (1) The search warrant was void because not signed officially by the magistrate. (2) The court erred in not requiring the magistrate to produce the affidavit on which the warrant was issued.

1. In Siler v. Ward, 1 Carolina Law Repository 548, the warrant was signed by the magistrate in his proper name but nothing was annexed to the signature denoting the act to be official. Holding the warrant good the court said:

> "Where an act is done by a person, which is referable either to his natural or political capacity, certainty requires that it should appear in the act itself, that it was done in his political capacity, to make it an official act. But where the act is peculiar to his political capacity, there is no necessity of a declaration that it is done in his official capacity, for the act itself so declares. The writing offered in evidence in this case is peculiar to the official capacity of Mr. Smith; it was, therefore, entirely unnecessary for him further to declare in what capacity he acted it. It would be perfect tautology to do it."

By section 378, Kentucky Statutes, the orders of the court entered on the order book shall be signed by the presiding judge. By section 337, Civil Code, the bill of exceptions shall be signed by the judge. But if the judge who signs the order book or bill of exceptions should fail to add the word judge after his name, the presumption would be that he signed in his official capacity. In fact the word judge is often omitted after the signature in such cases, but the omission is immaterial, for he is authorized to sign the record only in his official capacity and it cannot be presumed he intended to do a vain thing

The signature of the officer in the writ was necessary to show that it was issued by proper authority. If the letters "J. P. P. C.," meaning justice of the peace for Pike county, had been added, no complaint would have been made, but these letters would only show the character in which the officer acted, and as he had no authority to issue a search warrant, except as a justice of the peace for Pike county, and should be presumed to have done his duty, the omission of these letters in no way changed the legal effect of the writing. The defendant well knew the magistrate and his official character. Plainly no substantial right of his was prejudiced, and by the express provision of the Code no error or defect is ground for the reversal of a judgment unless prejudicial to the substantial rights of the defendant. The opinion of this court in Botts v. Williams, 5 J. J. M. 62, is in line with the decision in the North Carolina case.

The court did not err in allowing the magistrate to amend his signature by adding the letters "J. P. P. C." to it. The entire trend of modern authority is to the effect that such amendments may be allowed in the case of executions or attachments, and there is no substantial reason why the same rule should not apply to such warrants. The amendment was unnecessary but did no harm. Whiting v. Barbee, 12 Ark. 421, 32 Cyc. 441; 1 Freeman on Executions, section 69; Durham v. Heaton, 81 Am. Dec. 275.

2. The process was fair on its face. The burden was on the defendant to show its invalidity. Terrell v. Com., 196 Ky. 228; Gray v. Com., 198 Ky. 610; Abraham v. Com., 202 Ky. 491. There is nothing in the record to show that the affidavit filed before the magistrate, if produced, would show anything material in any way in this case. There is no avowal as to its contents and if produced it might have left the case just as it stood. There can be no reversal in such a case unless it appears that the substantial rights of the defendant were prejudiced. So far as appears no right of his was affected in any way by the failure to produce the affidavit. He had taken out no process requiring its production. He did not ask a continuance, and even in his motion for a new trial he made no showing that the affidavit contained anything material to his defense or was in anywise defective.

Judgment affirmed.