## Johnson v. Commonwealth.

(Decided October 22, 1926.)

### Appeal from Boyd Circuit Court.

1. Arrest.—Officer determining that liquid leaking from defendant's machine was whiskey can search machine without a search warrant after arresting defendant, offense having been committed in his presence.

2. Intoxicating Liquors.—Omission of word "unlawfully" from instruction submitting question of transportation of intoxicating liquor, and use of word "knowingly" instead, is prejudicial error.

COLDIRON & HARRIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER DRURY—Reversing.

The defendant has appealed from a judgment imposing upon him a fine of $300.00 and a jail sentence of 60 days for the unlawful transportation of liquor. Some time in the summer of 1925, defendant passed through Catlettsburg in an automobile. An officer noticed some sort of liquid leaking from the machine. The driver of the car appeared to be under the influence of liquor. The officer collected from the roadway, some of the liquid which had leaked from the car, smelled of it and found it was whiskey. He procured an automobile, pursued, over-

took and arrested the defendant. After the arrest of the defendant, the officer had the right to search his machine. Patrick v. Com., 199 Ky. 83, 250 S. W. 507. He did so, and found in it a case containing nine one-gallon jugs filled with whiskey and one broken one from which the whiskey was leaking. The officer had no warrant for the search of the automobile. Defendant insists that no evidence of what was found in his machine should have been admitted. This offense was committed in the presence of the officer. It was then his duty to arrest defendant, and after that, he had the right to make the search. For a similar case, see Munson v. Com., 201 Ky. 274, 256 S. W. 393.

The court erroneously used the word "knowingly" instead of "unlawfully," in the instruction. No complaint can be made, and none is made of the use of the word "knowingly," but defendant does complain of the omission of the word "unlawfully."

This was prejudicial error. See Lefler v. Com., this day decided.

The judgment is reversed.