## Bell and Kelly v. Commonwealth.

(Decided April 19, 1927.)

### Appeal from Boyd Circuit Court.

1. Criminal Law.—In liquor case, defendant could not complain of want of search warrant, where desk and building belonged to employer and defendant exercised no control over that part of desk in which liquor was found.

2. Intoxicating Liquors.—Rebuttal evidence to defendant's testimony he was not a drinking man, that witnesses had seen him intoxicated, should have been confined to 12 months before the issuance of warrant for possessing liquor.

3. Criminal Law.—In liquor case, court erred in failing to require jury to believe from the evidence beyond reasonable doubt that possession was unlawful and offense committed within 12 months prior to issuance of warrant, in order to warrant conviction.

DYSARD & MILLER for appellants.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

E. E. Bell and Henry Kelly were convicted of possessing intoxicating liquor, and pray an appeal.

The material facts are these: In the old A. C. & I. depot in Ashland, which is now owned by the Chesapeake

& Ohio Railway Company, there are several rooms and offices. In one of these rooms the appellant Bell, who is superintendent of bridges and buildings, has an office which is frequented by a number of the employees. Appellant Kelly, who is a road mechanic, kept some of his records there. On the occasion of the search several officers, armed with a search warrant, appeared at the office. As they came in, they saw Mr. Kelly take a glass gallon jar containing some liquor and throw it away. Mr. Kelly claims that the liquor was not his, that he knew nothing about it, and that he picked up the jar merely to hide it from his superior officers who had come in. The officers then secured a screw driver from Mr. Kelly and opened one of the drawers of the desk. In there they found about a half pint of whiskey. They also found in the desk a jug containing a small quantity of whiskey. Mr. Bell testified that he did not use that portion of the desk in which the whiskey was found, that it was not in his possession, and that he knew nothing about it.

It is first insisted that the search was invalid because the search warrant was based on an unsigned affidavit, and that the court erred in excluding evidence tending to establish that fact. Whether, if it had been shown that the desk was in the exclusive control of Mr. Bell, a search warrant would have been necessary, we need not inquire. Mr. Bell says that he used only one drawer of the desk, and that he exercised no control over the other portions of the desk. The liquor was not found in the drawer used by Mr. Bell, but in another part of the desk. Ordinarily, one cannot complain of the search of another's property, and this is particularly true where he exercises no dominion nor control over that property. As the desk was the property of the Chesapeake & Ohio Railway Company, and Mr. Bell exercised no control over that part of the desk in which the liquor was found, we are forced to the conclusion that a search warrant was not necessary to justify the search.

Complaint is made of the fact that the court permitted two or three witnesses to testify that they had seen Mr. Bell drunk, without any limit as to the time. As Mr. Bell had offered evidence to the effect that he was not a drinking man, evidence to the contrary was admissible in rebuttal, but it should have been confined to a period of 12 months before the issual of the warrant. It is proper to add that, as none of the witnesses ever saw

him take a drink, his appearance may have been due to an automobile wreck that seriously impaired his health and locomotion.

The court erred in failing to require the jury to believe from the evidence beyond a reasonable doubt that the offense was committed within 12 months prior to the issual of the warrants, and that the possession was unlawful. Lefler v. Commonwealth, 216 Ky. 176, 287 S. W. 569; Wells v. Commonwealth, 195 Ky. 754, 243 S. W. 1032.

Wherefore the appeal is granted, and the judgment reversed, and cause remanded for a new trial consistent with this opinion.