## Phillips v. Commonwealth.

(Decided June 24, 1927.)

### Appeal from Pike Circuit Court.

1. Searches and Seizures.—Where justice of the peace, at time of issuing search warrant, was acting in his official capacity, defendant was not prejudiced by failure of such officer to add words or letters showing capacity in which he was acting at such time.

2. Intoxicating Liquors.—Evidence, in prosecution for possession of intoxicating liquor, held sufficient to sustain conviction.

3. Intoxicating Liquors.—Omission of the word "unlawful" from instruction submitting question of possession of intoxicating liquor held prejudicial error.

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant, Pearl Phillips, was convicted in the Pike circuit court of possessing intoxicating liquor, and prays an appeal.

Appellant insists that his motion for a peremptory instruction should have been sustained (1) because the justice of the peace who issued the search warrant failed to sign it officially, it being signed thus, "J. M. Robinson," and (2) because of delay in executing the search warrant.

It appears that, when the search warrant was issued, J. M. Robinson was a justice of the peace of Pike county, and, as such, issued the warrant. As the justice of the peace was acting in his official capacity when the warrant was issued, no substantial right of appellant was prejudiced by the omission of words or letters after the name of the officer - issuing the warrant showing the capacity in which the officer was acting. This precise question was decided in Johnson v. Commonwealth, 215 Ky. 54, 284 S. W. 401. The search warrant was issued on December 12, 1926, and upon it appears the following indorsement:

"Executed by attempting to search Pearl Phillips and him throwing and breaking the whisky. This January 8, 1927.        (Signed) M. T. Scalf,
                                                      "C. P. C."

It is insisted by appellant that this indorsement shows that the search warrant was executed on January 8, 1927, 27 days after it had been issued, and that it was therefore not executed within a reasonable time. There is no merit in this contention, however, as the record discloses that on December 13, 1926, the warrant upon which appellant was tried was issued upon the oath of M. T. Scalf, the officer who executed the search warrant, and upon the information secured by him at the time the search was made. M. T. Scalf testified that the search was made prior to December 13, 1926, and the record discloses that appellant executed bond on January 5, 1927, and was tried on January 8, 1927. It is plain, therefore, that the search warrant was not executed on the date appearing on the return on the search warrant, but that January 8, 1927, was the day when the return was made. The appellant also insists that the verdict was flagrantly against the evidence.

The witness Scalf testified in part, as follows:

"I had a search warrant for him, and I went up to where he lived. It was in the night time, and I got under the barn shed. It was raining, and he came out and went in the end of the barn, and a man went down, and just in a minute he came back out with a poke in his hand, and I stepped out, and I said, 'I have a search warrant for you,' and also, said 'Give me what you have there in that poke;' and he started to throw it; and I said, 'Don't throw that;' and he threw it, and it went out on the creek bank, and it broke; and then he said, "What do you want to trap a man this way for?' and I said, ' I am not; I just came up here to catch you, and I did.' The jar broke; I heard the glass break."

He further testified that he detected the odor of whisky.

It was shown that appellant's general reputation in the community in which he lived for engaging in the illegal traffic of whisky was bad. The evidence was sufficient to sustain the verdict of the jury.

It is finally insisted that the instructions are erroneous because of the omission of the word "unlawful" from the instruction submitting the question of the possession of the intoxicating liquor. The omission of the word "unlawful" in the instruction was prejudicial error. Johnson v. Commonwealth, 216 Ky. 175, 287 S. W. 572; Lefler v. Commonwealth, 216 Ky. 176, 287 S. W. 569; Bell & Kelly v. Commonwealth, 219 Ky. 444, 293 S. W. 955.

For the reason indicated, the appeal is granted, and the judgment reversed, and the cause remanded for a new trial consistent with this opinion.