## Deskins v. Commonwealth.

(Decided March 22, 1929.)

PICKLESIMER & STEELE for appellant.

JAMES W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

J. B. Deskins was convicted of the offense of unlawfully possessing intoxicating liquor. He has entered in this court a motion for an appeal and in his brief complains only of the "omission of the word 'unlawful' from the instruction submitting the question of the possession of intoxicating liquor." This is a waiver of any other grounds of complaint (Owsley v. Hill, 210 Ky. 285, 275 S. W. 797; Troendle v. Wells, 216 Ky. 819, 288 S. W. 749; Hopkins v. Com., 210 Ky. 378, 275 S. W. 881; McKinzie·v. Com., 193 Ky. 781, 237 S. W. 386) and we proceed to a consideration of the sole question urged for reversal of the judgment.

The proof for the Commonwealth tended to show that the defendant was in the unlawful possession of a quantity of illicit liquor. He denied that he had possession of the liquor, and contradicted the testimony of the witnesses for the commonwealth. The issue made was one of fact regarding the possession of the liquor, and did not turn on the character of such possession. If the witnesses for the commonwealth were believed, the defendant would necessarily be found guilty. On the other hand, if defendant's testimony was believed by the jury, his acquittal would certainly follow.

The appellant relies upon the cases of Lefler v. Commonwealth, 216 Ky. 176, 287 S. W. 569; Johnson v. Commonwealth, 216 Ky. 175, 287 S. W. 572; Bell & Kelly v. Commonwealth, 219 Ky. 444, 293 S. W. 955, and Phillips v. Commonwealth, 221 Ky. 84, 295 S. W. 1019. In the case of Lefler v. Commonwealth, supra, it was held that the omission of the word "unlawful," in describing the offense in an instruction to the jury, constituted reversible error. The other cases cited were rested on the authority of the Lefler case.

Section 2554a-1, Kentucky Statutes, is as follows: "That it shall be unlawful to manufacture, sell, barter, give away, or keep for sale, or *unlawfully have in possession* or transport spirituous, vinous, malt or intoxicating liquors except for sacramental, medicinal, scientific or mechanical purposes in the commonwealth of Kentucky."

Section 2554a-9, Kentucky Statutes, is as follows: "No person or persons, company or corporation, shall possess or have in possession any spirituous, vinous or malt liquors unless same have been *lawfully acquired* and are intended to be used *lawfully;* and in any suit, prosecution, proceeding or action, or motion concerning same, the burden of proving that same have been lawfully acquired and are intended to be used lawfully shall be upon the defendant or defendants."

In view of the importance of the question, the whole court has considered it, and has concluded that, whilst it is right and proper that instructions to the jury in such cases should employ the terms "unlawful possession," yet where the defense, as here, is a denial of any possession whatever, the omission of the word "unlawful" from the instruction submitting the issue of fact as to possession could not possibly be prejudicial to the de-

fendant. In this case the only question the jury had to determine was whether or not the defendant had the moonshine whisky. If he had it, he was necessarily guilty, as there was no fact or circumstance developed by the record to indicate, and he made no claim, that his possession of the liquor, if a fact, was lawful in any event.

In Vanover v. Commonwealth, 202 Ky. 813, 261 S. W. 604, it was held to be unnecessary in cases like that one to define "unlawful possession" as used in such an instruction, and it is so held in a number of other cases, some of which are cited in the opinion. Yet, under peculiar circumstances, where the fact of possession is proven, but the responsibility of the defendant for such possession is denied, as where it was put upon his premises or in his constructive possession by another, without his agency, knowledge, or consent, an affirmative instruction defining the character of possession essential to a conviction must be given to the jury for its guidance. Keifner v. Commonwealth, 225 Ky. 163, 7 S. W. (2d) 1066; Kratzer v. Com., (Ky.) 15 S. W. (2d) ——, decided March 22, 1929.

In Moss v. Commonwealth, 138 Ky. 404, 128 S. W. 296, it was said: "In the instructions given, the word 'unlawfully' is not used, but the omission of this word in this case was wholly immaterial, as the defendant admitted that at the time he had the carnal knowledge with the prosecutrix he was married to another woman. This being true, his carnal knowledge was necessarily unlawful, and the failure to use the word 'unlawfully' in the instruction was manifestly not error." Cf. Smith v. Com., 201 Ky. 546, 257 S. W. 720.

It is not apparent how the defendant could be prejudiced by the omission of the word "unlawful" from the instruction in submitting the question of possession to the jury, when his sole defense was that he had no possession at all. There are some circumstances, not now necessary to enumerate, under which the possession of liquor may be lawful. If a defendant, accused of unlawful possession, relies upon the fact or claims that the liquor was lawfully in his possession, that question should, of course, be submitted to the jury under proper instructions; but where the sole issue presented by the evidence is one of fact, as to whether or not the particular liquor was or was not in the possession of the defendant, we now hold that the jury could not be misled or the defendant prejudiced by the failure to use the word "unlaw-

ful'' in the instruction. Criminal Code, sec. 353; New-some v. Commonwealth, 204 Ky. 179, 263 S. W. 703; Smith v. Commonwealth, 201 Ky. 546, 257 S. W. 720.

The case of Lefler v. Com., supra, and the others like it, are modified to the extent that, in prosecutions where the sole defense interposed to a charge of unlawful possession of intoxicating liquor consists of a denial of any possession whatever, the omission of the word ''unlawful'' from the instructions to the jury will not of itself be regarded as prejudicial error.

The motion for an appeal is denied, and the judgment is affirmed. Whole court sitting.