## Abbott v. Commonwealth.

(Decided May 20, 1930.)

424

J. C. DAVIS for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Blueford Abbott was convicted of the crime of rape and condemned to suffer death by hanging in the county where the crime was committed. Ky. Stats., sec. 1137-1. He is here insisting that error to his prejudice intervened at the trial in the rejection of evidence offered by him and in an instruction given to the jury.

The defendant proved by the circuit clerk that a warrant for the arrest of defendant issued by the county judge had been transmitted to his office with papers for the grand jury and was in his custody. An offer to read the contents of the warrant to the jury met with an objection on the part of the commonwealth, which was sustained by the court. The warrant was not admitted in evidence, and the ruling furnishes the basis for appellant's first complaint. It appears by an avowal that the warrant charged the appellant with an assault upon the prosecuting witness. It is argued that the paper was admissible as a contradiction of the testimony of the prosecuting witness. She was asked nothing respecting statements made to the county judge, or concering any affidavit she may have made before the county judge for the procurement of a warrant. An affidavit setting forth the facts showing the commission of a public offense was necessary before the magistrate could issue a warrant, unless he had personal knowledge thereof. Criminal Code of Practice, sec. 31; Ky. Stats., sec. 1372. Manifestly no testimony of the witness could be contradicted by the warrant issued by the county judge. It contained no statement made by her. It was not accompanied by any affidavit of the witness, or by any proof that a statement was made by her to the officer. If the witness made inconsistent statements relevant to the issue they were admissible (Civil Code of Practice, sec. 597), but the warrant itself was not competent for any purpose. The proper method of introducing such contradictory matter is well settled by the decisions. Civil Code, sec. 598; Duke v. Com., 191 Ky. 138, 229 S. W. 122; Banks v. Com., 190 Ky. 330, 227 S. W. 455; Hayden v. Com., 140 Ky. 634,

131 S. W. 521; Stinson v. Com., 96 S. W. 463, 29 Ky. Law Rep. 733. That method was not observed in this instance. The prosecuting witness inferentially admitted on cross-examination that she had testified at an examining trial to the effect that she did not know whether the appellant had succeeded in his attempt. She explained, however, that she was confused at the time and did not understand the question or comprehend the meaning of her answer thereto. She testified positively at the trial to facts showing the essential elements of the crime with which defendant was charged (Hale v. Com., 196 Ky. 44, 244 S. W. 78; Moseley v. Com., 206 Ky. 173, 266 S. W. 1048), and obviously her credibility was for the jury. Fairchild v. Com., 208 Ky. 531, 271 S. W. 584; Farina v. Com., 221 Ky. 148, 298 S. W. 385; Jamerson v. Com., 222 Ky. 70, 299 S. W. 1093; Branham v. Com., 223 Ky. 3 S. W. (2d) 629.

■ The second complaint is leveled at the second instruction to the jury which defined rape as referred to in the first instruction to mean "the penetration of the female organ, however slight such penetration may be, by the male organ by force or without the will or consent of the female." The instruction was not accurate, since the act must have been accomplished by force, actual or constructive, and against the will of the female. White v. Com., 96 Ky. 180, 28 S. W. 340, 16 Ky. Law Rep. 421; Payne v. Com., 110 S. W. 311, 33 Ky. Law Rep. 229; Malone v. Com., 91 Ky. 307, 15 S. W. 856, 12 Ky. Law Rep. 895. It is true that in Nider v. Com., 140 Ky. 684, 131 S. W. 1024, 1025, Ann. Cas. 1913E, 1246, the court said "under an indictment for rape there can be no conviction unless its accomplishment be by force or without the consent or against the will of the female." But in Brown v. Com., 102 Ky. 227, 43 S W. 214, 19 Ky. Law Rep. 1174, the court criticised an instruction which authorized a conviction of the defendant if he had carnal knowledge with the prosecutrix "against her will or consent, or by force, or by putting her in fear." In that case it was said:

"Force, actual or constructive, is a necessary ingredient in the crime, except in cases not now involved; and a conviction in this case should not have been permitted unless the act was committed forcibly, and against the will of the prosecutrix. The instruction hardly comes up to this requirement."

The defense in that case consisted of a claim that the act committed was with the consent of the prosecutrix. The evidence was in sharp conflict upon that issue, and the error in the instruction thus became important. In the instant case the indictment charged that the defendant "did unlawfully, feloniously and violently make an assault upon Ruby Taylor, a female above twelve years of age, and then and there, forcibly and against her will and consent, ravish and have carnal knowledge of her." The first instruction required the jury to believe from the evidence beyond a reasonable doubt that the defendant had unlawful carnal knowledge of Ruby Taylor "by force and against her will." The verdict of the jury found the defendant guilty "as charged in the indictment." The uncontradicted evidence was to the effect that the defendant had committed a most brutal assault upon the young lady, perpetrating all of the acts comprising the essential ingredients of the crime of rape. There was no evidence whatever of any consent to the act, or any lack of resistance to the assailant. Indeed, the evidence showed that the young lady with great courage kept up a resolute resistance until she was released. She was badly bitten, cut, and bruised, but she did not cease to defend herself. The defendant stated that he was badly intoxicated and had no recollection whatever of the occurrence, or of the occasion when the offense was committed. Voluntary drunkenness is no defense for the crime, and does not excuse or mitigate it. Thomas v. Com., 96 Ky. 539 245 S. W. 164; Williams v. Com., 113 Ky. 652, 68 S. W. 871, 24 Ky. Law Rep. 465; Mearns v. Com., 164 Ky. 213, 175 S. W. 355. It is plain, therefore, that no basis existed in the evidence for a belief that the crime could have been committed without force, or with the consent of the victim. Under such circumstances no ground is afforded for holding that the jury was misled by the instruction, or that the appellant was prejudiced by the inaccuracy it contained. Under the provisions of the Criminal Code of Practice (sections 340 and 353) this court is not authorized to reverse a judgment of conviction for any error unless it affirmatively appears that the substantial rights of the defendant were prejudiced thereby. Moss v. Com., 138 Ky. 404, 128 S. W. 296; Smith v. Com., 201 Ky. 546, 257 S. W. 720; Sebree v. Com., 200 Ky. 534, 255 S. W. 142; Overstreet v. Com., 147 Ky. 471, 144 S. W. 751; Wireman v. Com., 212 Ky. 420,

279 S. W. 633; Colston v. Com., 216 Ky. 216, 287 S. W. 722; Newsome v. Com., 204 Ky. 179, 263 S. W. 703; Graves v. Com., 186 Ky. 479, 217 S. W. 356.

It is said in the brief for appellant that he "deserves to be punished; that his conduct was without excuse, but that he was entitled to a fair trial." The statement is entirely correct, but the implication that the trial of appellant was not a fair one finds no support in the record. It is said that the conviction of appellant was at a second trial, the first one having resulted in a hung jury. The crime was committed in July, and the second trial took place in the following November. The jury was summoned from another county of which no complaint is made, and which manifestly was in the interest of a fair and impartial consideration of the facts unaffected by local influences. The uncontradicted evidence in the case established the guilt of defendant, and plainly the jury had a discretion as to the punishment it would fix. That responsibility, within the limits of the law, is imposed upon the jury. An examination of the record is convincing that the trial was a fair and impartial one. The error in the definition of rape in the second instruction, in the light of the record, could not possibly have been prejudicial, and would not warrant this court in ordering another trial. Parish v. Com., 136 Ky. 77-100, 123 S. W. 339-347.

Since the appellant has had a fair and impartial trial according to law, it is not within our province to interfere. The punishment prescribed by the jury, although the most awful and severe that can be inflicted, was authorized by the law and justified by the facts established by uncontradicted evidence.

The judgment is affirmed.

Whole court sitting.