## Shipman et al. v. Commonwealth.

(Decided May 1, 1936.)

16

L. O. SILER and T. E. MAHAN for appellants.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appellants were jointly indicted and tried in the Whitley circuit court on a charge of receiving stolen property of value in excess of $20; both were found guilty and sentenced to four years' imprisonment in the penitentiary, and judgment was entered accordingly.

The court denied their joint motion for a new trial, and upon appeal they urge four reasons why the judgment below should be reversed: (1) The verdict is not sustained by the evidence; (2) the court erroneously instructed the jury; (3) the court erroneously refused a new trial on the grounds of newly discovered evidence; and, lastly, the court refused to allow them the services of the official stenographer on motion to require such service to be rendered without fees, because of their alleged inability to pay costs.

At the outset we may dispose of grounds 1 and 2, because there is neither bill of evidence in any form, nor copy of instructions in the record. In the brief it is said that the instructions have been lost or misplaced, and the absence of the bill of evidence is due to the fact that the official stenographer was not directed by the court to take down or transcribe the evidence. In the absence of the instructions we must and do assume that the court correctly instructed the jury, and without the evidence being presented we can-

not pass on the sufficiency or insufficiency thereof. As to ground No. 3, we will go so far as to say that accepting the statements made in the brief as to evidence adduced, and from the affidavit detailing the evidence proposed to be offered and on a new trial, if granted, the court did not commit error, because the proposed new evidence would have been merely cumulative to the evidence heard, and was in no respect such evidence as would justify the lower court in granting, or this court in ordering, a new trial.

On the fourth ground we find that the contention arose in the following manner: At the beginning of the introduction of witnesses, the official stenographer was seated at a table and counsel for appellant were under the impression that she was taking down the testimony in shorthand. They were soon apprised to the contrary, the reporter saying that she was practicing her shorthand. Counsel for appellants then moved the court to direct the stenographer to take the testimony, and added to their written motion these words:

> "They state they are poor persons and have no money or property for which to pay for said services, and ask that same be taken as of forma pauperis."

With this motion there was filed a joint affidavit which stated:

> "Hans Shipman is a married man with two children; he has no property over and above his homestead exemptions except a Ford automobile worth not more than $25.00; that the defendant Dick Gray states that he has no money or property with which to pay said reporter for her services * * *."

The court overruled the motion to require the stenographer to take the proof without pay, to which ruling appellants excepted.

Appellants take the position that since by their joint affidavit they showed to the court that they were poor persons, not able to pay for official services, it was mandatory upon the court under sections 884, 4645a-3 and 4645a-4. Ky. Stats., to direct the official stenographer to take and report the proof without cost to the appellants.

The first section of the statute supra, provides substantially that a resident "poor person" may be allowed to prosecute or defend in our courts without paying costs, and to have needful services from officials without fees. It has been held by this court that this statute is not mandatory, the court having a discretion in its application. Westerfield v. Wilson, 12 Bush 125; White's Adm'x v. White, 144 Ky. 449, 138 S. W. 248; Livingston County v. Crossland, 229 Ky. 733, 17 S. W. (2d) 1018. Sections 4645a-1 to 4645a-5, inclusive, define the duties and fix the compensation of stenographic reporters in counties having a certain population. It is provided that the court may in his discretion appoint an official reporter for a period of four years. Sections 4645a-2 and 4645a-3, supra, provide that in any civil or criminal proceeding, upon the request of either party, the presiding judge shall direct, and it shall be the duty of the reporter to take shorthand notes of the proceedings "to be used in making up the bill of exceptions." Section 4645a-4, supra, fixes the fee of the stenographer for taking and transcribing the shorthand notes. It is then provided that if the transcription of the notes is ordered by the court on motion of the defendant he

"shall be required to pay for the same if, in the opinion of the Court he is able to do so. If it shall appear that the defendant is not able to pay for such transcript, the court shall direct the same to be paid by the county."

The portion of the statute just quoted does not differ in legal effect from the provisions of section 884, supra. Under each statute, in so far as the rights of the party making the request and the duty of the court to act upon that request, the matter of furnishing a transcript of evidence without fee or cost to the applicant is left to the sound discretion of the court. By the very affidavit, filed jointly, it was manifested that one of the parties defendant was not a poor person in contemplation of the act. It was merely said that he owned no property over and above his exemptions allowed by law, except an automobile which was worth $25. We take this to mean that Shipman had property subject to execution at least to the extent of $25, and from this and certain statements in brief it

appears that he had real property to the extent of $1,000. The proceeds of a sale of the automobile for twenty or twenty-five dollars would no doubt have been sufficient compensation for the stenographer. The coappellant simply stated in his affidavit that he had "no money or property with which to pay said reporter for her services," which language construed against him might be held to mean that he did have money or property for other purposes.

It has been held that exempted property may not be subjected to execution for fines and costs. Com. v. Lay, 12 Bush, 283, 23 Am. Rep. 718. But it does not necessarily follow that one is compelled to plead his exemptions when he finds himself in a position where a small expenditure would inure to his benefit.

The evidence was in no wise complicated. According to the record there appeared four witnesses for the commonwealth, and six for the defendants. The defense was an alibi, members of the family alone testifying. We see little excuse for appellants standing so squarely on their assumed rights, when the question here discussed could have been easily and properly presented by the preparation and presentation of the evidence in narrative form.

We find in the case of State v. Hogan (Mont.) 49 P. (2d) 446, 448, that the trial court refused defendant's request for an official report under a statute somewhat similar to ours, and the court of review held that no prejudicial error had occurred, "since he was able * * * to have a common-law bill of exceptions settled sufficient to preserve his right."

It appears from the record that the accused were represented by counsel, two in number, and since there is no showing that the court was requested to furnish them counsel because of their poverty or inability to pay, it may be assumed that counsel were paid for their services. If appellants chose to pay counsel rather than to pay for the recordation of the evidence, which they now say was so essential to a proper presentation of the appeal, or chose to take chances on appeal without presentation of evidence in a narrative form, or to take steps to require the court or stenographer to comply with their request, they should not now be

heard to complain that their rights have been prejudiced by the court's action.

The matter of defending in forma pauperis has, as this court is inclined to believe by obsehvation of the great number of appeals showing defenses in that manner, been somewhat abused, and while not condemning such procedure generally, it may be said that while the courts should be liberal in the exercise of judgment in allowing such procedure it is none the less the duty of the court in that exercise to see that the public money is not expended when the necessities do not in such judgment justify the expenditure. Both the individual and the county or state should be impartially protected. The court's judgment in respect to the granting or refusing the benefits intended to be afforded will not be overturned here except in cases where the abuse of the discretion is apparent. Section 340 of the Criminal Code of Practice permits this court to reverse a judgment for errors of law by which, upon consideration of the whole case, the substantial rights of the accused have been prejudiced. We cannot see how the court's failure to sustain appellants' motion was a substantial error prejudicial to their rights. If it be conceded a technical error, we have held

> "even a technical invasion of the constitutional rights of a defendant upon his trial does not entitle him to a reversal, unless it be such as prejudicially affects his rights."

Davis v. Com., 215 Ky. 244, 286 S. W. 790, 792; Wireman v. Com., 212 Ky. 420, 279 S. W. 633.

Judgment affirmed.