## Hubbard v. Commonwealth.

May 13, 1949.

Edward L. Morgan for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appellant, Bill Hubbard, has been convicted of willfully and maliciously shooting and wounding Olin Middleton with the intent to kill him, and sentenced to two years' imprisonment. KRS 435.170.

The Commonwealth's evidence tended to prove the charge beyond a reasonable doubt. The defendant's evidence tended to prove self-defense. On the contradictory evidence, the case was clearly one for the jury to determine, and its verdict is fully sustained.

The bill of exceptions recites that during the trial the jury was permitted to separate over night, and again the next day during the noon recess after the case had been submitted to them, and that upon each occasion the defendant had "objected and excepted and the court paid no attention to said objections and exceptions." The bill is signed by a special judge other than the one who presided at the trial. We have overruled a motion of the Commonwealth on this ground since a succeeding special judge has authority to approve a bill of exceptions. Sec. 334, Civil Code of Practice; sec. 282, Criminal Code of Practice; Pack v. Feuchtenberger, 232 Ky. 267, 22 S. W. 2d 914.

We have sharp contentions in the briefs, as to the accuracy of the statement in the bill of exceptions that the defendant objected to the separation of the jury. They are supported only by statements of the attorney for the appellant upon his own knowledge and of the

Assistant Attorney General upon information he received from the presiding judge. The verity of the approved bill of exceptions is not subject to challenge in this court. The statement contained in it is conclusive, and we must dispose of the case upon the record before us. Murphy v. Roney, 82 S. W. 396, 26 Ky. Law Rep. 634; Campbell v. Chitwood, 164 Ky. 638, 176 S. W. 36; Wireman v. Commonwealth, 212 Ky. 420, 279 S. W. 633; Castle v. Allen, 274 Ky. 658, 120 S. W. 2d 219.

The case is not one in which the jury was required to be kept together during the course of the trial, but the charge being a felony the law required that the jury "be kept together in charge of officers" after the case had been submitted for a verdict. Sec. 244, Criminal Code of Practice. The accused having knowledge of a separation waives his right to have the jury kept together by failing at the time to object to the separation. Belcher v. Commonwealth, 247 Ky. 831, 57 S. W. 2d 988. But the record shows that the defendant expressly objected to the separation after the case had been submitted to the jury. The action of the court in effect overruling that objection by ignoring it entitles the appellant to another trial conducted in conformity with this law. Nelson v. Commonwealth, 264 Ky. 47, 94 S. W. 2d 29.

The judgment is reversed.