**Felix COOTS, Jr., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 30, 1967.

Rehearing Denied Oct. 20, 1967.

S. M. Ward, Hazard, for appellant.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant, Felix Coots, Jr., was convicted of the crime of rape and his punishment fixed at confinement in prison for ten years. His grounds for reversal of the conviction are that the verdict is flagrantly against the evidence, the instructions did not cover the whole law of the case and the trial court erred in failing to grant a new trial.

The prosecuting witness testified unequivocally that appellant forced her to submit to sexual intercourse with him by threats of physical injury. Appellant denied he had sexual intercourse with her and stated that he was so drunk that he was unable to do so. His testimony did not entitle him to a directed verdict of acquittal or render the verdict flagrantly against the evidence. It merely placed in issue the credibility of the prosecutrix's testimony since we are unwilling to hold that her testimony is without probative value. Her version of the affair is not so incredible and improbable as to be patently untrue but is a lucid account of an unfortunate experience for her. See Holland v. Commonwealth, Ky., 272 S.W.2d 458.

Moreover, there is other testimony that strongly tends to support her claim that she was raped by appellant. We find no merit in appellant's first contention. Ewing v. Commonwealth, Ky., 390 S.W.2d 651; Roberson's Kentucky Criminal Law & Procedure, Second Edition, Section 567.

Appellant next contends that he was entitled to an instruction to the effect that if the jury believed from the evidence that appellant was so drunk at the time of the alleged offense he did not realize the consequences of his act it should find him not guilty. Ordinarily, voluntary intoxication constitutes no excuse or justification for the commission of crime. Whenever an act constitutes the offense, drunkenness is no defense to its commission, but where, in order to constitute the offense, the act must be combined with the intent of the accused, then evidence of drunkenness may be introduced as a defense to or in mitigation of the offense. Mearns v. Commonwealth, 164 Ky. 213, 175 S.W. 355; Roberson's Kentucky Criminal Law & Procedure, Second Edition, Sections 64, 65, 66 and 67. In the instant case the act constitutes the offense without other indicia of intent.

We also observe that there is another sufficient reason why appellant is not entitled to an affirmative instruction. Such instruction is warranted only when an accused admits facts constituting the essential elements of the offense with which he is charged and relies upon facts and circumstances that would exonerate him. Here appellant denies having committed the offense and therefore the instructions given were sufficient. Himes v. Commonwealth, Ky., 350 S.W.2d 637; Marye v. Commonwealth, Ky., 240 S.W.2d 852; Stanley's Instructions to Juries, Volume 3, Section 771.

Appellant further contends that he was entitled to a new trial on the ground of newly discovered evidence. This alleged evidence appears in this record by an affidavit of appellant that since the trial he

has learned that the prosecutrix told a state trooper that appellant had not molested her. Assuming that the state trooper would so testify, his testimony would only tend to contradict or impeach the testimony of the prosecutrix. The rule is that in order for newly discovered evidence to support a motion for new trial in a criminal case it must be of such decisive value or force that it would, with reasonable certainty, change the verdict or that it would probably change the result if a new trial should be granted. Wheeler v. Commonwealth, Ky., 395 S.W.2d 569; Parsley v. Commonwealth, Ky., 321 S.W.2d 259.

We find no abuse of discretion in overruling the motion for a new trial because (1) the affidavit fails to show that appellant exercised sufficient diligence to obtain the newly discovered evidence prior to his trial and (2) this evidence is not of such a character as to probably change the result if a new trial were granted.

The judgment is affirmed.

All concur.