**104** ■ ▬▬▬▬▬▬▬

**Robert HATFIELD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

Robert T. Schneider, Horse Cave, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant was convicted of the offense of indulging in indecent or immoral practices with the body or organs of a child under the age of fifteen years. KRS 435.105. He was sentenced to confinement in the penitentiary for a period of five years.

The only question for review is whether the trial court erred in refusing to instruct the jury on the defense of drunkenness or intoxication.

There was evidence in the case that the appellant was intoxicated at the time of his arrest and at the time of the commission of the offense. The appellant requested the court to instruct if the jury believed from the evidence that at the time and place of the alleged act the defendant was under the influence of alcohol to such an extent that he did not have a lustful intent, they should find the defendant not guilty. The court refused to so instruct.

KRS 435.105(1) provides:

"Any person of the age of seventeen years or over who carnally abuses the body, or indulges in any indecent or immoral practices with the body or organs of any child under the age of fifteen years, or who induces, procures or permits a child under the age of fifteen years to indulge in immoral, sexual or indecent practices with himself or any person shall be guilty of a felony, punishable on conviction thereof by imprisonment in the penitentiary for not less than one year nor more than ten years."

The Commonwealth contends that the offense does not require malice or any specific intent but is complete upon the commission of the act. Coots v. Commonwealth, Ky., 418 S.W.2d 752 (1967) is cited as authority that no instruction on intoxication should be given in cases in

which a specific malicious intent or purpose is not required. In *Coots* we said:

" * * * Ordinarily, voluntary intoxication constitutes no excuse or justification for the commission of crime. Whenever an act constitutes the offense, drunkenness is no defense to its commission, but where, in order to constitute the offense, the act must be combined with the intent of the accused, then evidence of drunkenness may be introduced as a defense to or in mitigation of the offense. Mearns v. Commonwealth, 164 Ky. 213, 175 S.W. 355; Roberson's Kentucky Criminal Law & Procedure, Second Edition, Sections 64, 65, 66 and 67. *In the instant case the act constitutes the offense without other indicia of intent.*" (Emphasis ours)

Appellant relies upon Slone v. Commonwealth, 238 Ky. 727, 38 S.W.2d 709 (1931) and Abbott v. Commonwealth, 305 Ky. 620, 205 S.W.2d 348 (1947) as authority that an instruction on intoxication was required. Both *Slone* and *Abbott* make reference to a special situation in which the defendant is entitled to an instruction on intoxication in a criminal case, but those cases are distinguishable on the facts from the instant case.

A distinction must be drawn between the *intent* to do an act and the *intent* with which the act is done. This distinction is clearly drawn in Roberson's New Kentucky Criminal Law & Procedure, Second Edition, Section 59, as follows:

"Voluntary intoxication, or the temporary insanity occasioned by the act of one in getting drunk, is no excuse or justification for the commission of crime while so intoxicated, and constitutes no defense to a criminal prosecution therefor, though the intoxication be to such a degree as to render the accused person wholly oblivious to his acts or conduct; and it matters not whether the intoxication was with or without a preconceived design to commit the crime. The underlying principle of this rule is that a sane man who voluntarily puts himself in such a condition as to have no control over his will or actions must be held to intend the consequences arising therefrom. No man may voluntarily dethrone his intellect and break down the restraints of reason and of conscience, and thereby relieve himself of responsibility to society and to the state. Any other doctrine would result in consequences fatal to the peace and safety of society and social order. Such is the well-settled principle upon this subject by all of the adjudged cases. Nevertheless, those same cases hold that the physical and mental condition of the accused at the time of the commission of the alleged unlawful act, whether that condition was caused by voluntary drunkenness or otherwise, is an important factor to be considered and a proper subject of inquiry by the jury, and that where the intent, motive or purpose with which the act was done is a necessary element to constitute it an offense or degree thereof, or where an essential ingredient of the crime consists in the doing of the act with deliberation and premeditation, the accused may show that he was unconscious at the time he committed the act or too drunk to have any intent or purpose in the one case and as to deliberation and premeditation in the other. * * *."

█ In cases where the doing of the act constitutes a crime regardless of the intention with which the act was done, the defendant is not entitled to an instruction on intoxication because intent is not an element of the crime. Coots v. Commonwealth, supra. In those cases where the doing of an act constitutes an offense if it is done with some specific intent but the same act constitutes a lesser degree of offense if the specific intent is lacking, there is also no need for an instruction on intoxication. In such cases, evidence of intoxication is admissible to show lack of the specific intent and the jury may consider it along with all other evidence in

making a determination of whether a defendant is guilty of the greater or lesser degree of the crime, but the defendant is not entitled to a special instruction on the issue. Slone v. Commonwealth, supra, and Abbott v. Commonwealth, supra.

The carnal abuse of a child is a crime without regard to the reasons or the intent with which it was done. Intoxication is no defense and no instruction on intoxication was required.

The judgment is affirmed.