Gene ISAACS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

April 1, 1977.

Jack Emory Farley, Public Defender, Timothy T. Riddell, Gary Johnson, Asst. Public Defenders, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., B. F. Radmacher, III, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

Gene Isaacs was indicted by the Garrard Circuit Grand Jury and charged with the first-degree rape of his niece, who was then less than 12 years of age. He was subsequently found guilty following a jury trial and sentenced to confinement in the penitentiary for a period of 20 years. By this appeal he charges as error the trial court's refusal to submit to the jury his tendered instructions on the crime of sexual abuse in the first degree and on his lack of mental capacity due to intoxication to form an intent to commit the crime.

The evidence developed at trial indicates that in the hours before the alleged attack occurred, appellant consumed a considerable amount of alcoholic beverage in the company of the father and another uncle of the prosecuting witness. Her father requested appellant to take her to his home from her grandmother's home, and the prosecuting witness testified appellant proceeded to comply with this request but then suddenly changed directions, stopped in a remote area, forced her from the automobile, and began beating her with his fists. He accused her of having been the cause of automobile accidents in which he had been involved and threatened to kill her if she should ever tell anyone of his actions. She further testified appellant removed her underwear and ". . . got out his personal belonging on his body."; and ". . . he stuck his private thing up my body." On cross-examination, the prosecutrix indicated that the darkness prevented her from seeing Isaacs' penis and because of this she did not know what it was that had penetrated

her. Dr. Paul Sides, who examined the prosecutrix that same evening, testified he found a laceration of about one and one-half inches extending up into the vagina. Because he felt an examination by a gynecologist to be warranted, he requested that the University of Kentucky Medical Center examine her. She was thus examined there a few hours later by Dr. William Jackson Carey, who testified he found ". . . a one centimeter laceration over the fourchet [sic] which is the lower portion of the vagina, the entrance into the vagina . . . extending to the hymenal ring", an injury which he said was consistent with sexual penetration. Appellant testified in his own behalf but did not offer a version of the events differing from that alleged by the Commonwealth. Rather, Isaacs stated that he had, subsequent to a prior automobile accident, experienced "blackouts" following consumption of alcoholic beverages and that he experienced such a blackout during the period when he was alleged to have committed the rape so that he had no memory of any of the events in question. The testimony as to the occurrence of these blackouts on prior occasions was corroborated by testimony of his wife and brother.

Appellant argues the evidence summarized above renders the trial court's refusal of his tendered instructions erroneous. He contends the testimony of the prosecuting witness and the examining physicians leaves the fact of penetration by his penis in such doubt that he was entitled to an instruction on the lesser offense of sexual abuse. He further alleges the testimony presented in his behalf concerning his intoxication and history of "blackout" experiences shows he did not act willfully in committing the alleged rape so that he was entitled to the tendered instruction permitting the jury to find him not guilty by virtue of this defense. Having carefully reviewed the record and arguments of counsel, we are of the opinion the court ruled correctly in refusing both such instructions.

■ We have recently written on the subject of what quantum of evidence is necessary in order to require an instruction on a "defense" such as intoxication, *Jewell v. Commonwealth*, Ky., 549 S.W.2d 807 (decided March 11, 1977), and are of the opinion the same criterion applies to the necessity for an instruction on a lesser included offense or on a lower degree of the crime charged. See *Muse v. Commonwealth*, Ky., 551 S.W.2d 564 (decided today), a homicide case in which the question was whether the evidence justified an instruction on first-degree assault. The evidence as a whole must be sufficient not only to support a conviction of the lesser offense, but also to justify a reasonable doubt as to whether the defendant is guilty of the higher or the lower degree. In this particular instance, there is not a scintilla of evidence to inject a reasonable doubt as to whether the vaginal injuries inflicted on the prosecuting witness were caused by the penetration of a man's penis or by some other object or instrumentality, in that there was neither direct proof nor evidence supporting an inference that the laceration might have resulted from anything other than a penetration by Isaacs' penis. In this state of the evidence, we hold the trial court properly refused the tendered instructions on sexual abuse. Our view on this issue is fortified by the following comment accompanying the instructions on rape and sexual abuse found in Palmore's *Kentucky Instructions to Juries:*

"The offenses contained in these instructions are defined in KRS 510.040 (First-Degree Rape) and KRS 510.110 (First-Degree Sexual Abuse). The instructions would apply to those instances in which the victim of the defendant's act was under twelve years of age or was physically helpless. . . .

"These instructions contemplate a situation in which the evidence raises no issue of mistake as to the victim's age or condition of helplessness. They present an issue as to whether the defendant's act was sexual intercourse or only sexual contact. If the evidence would support a finding only to the effect that the defendant's act was intercourse or nothing, then the instruction on sexual abuse

should be omitted." *Palmore, Kentucky Instructions to Juries,* Volume 1, Comment to Sec. 2.32, 1975.

■ In regard to the second tendered instruction, we have consistently held that in cases where the doing of the act constitutes a crime regardless of the intention with which the act was done, the defendant is not entitled to an instruction on lack of mental capacity to form an intent to commit the crime due to intoxication. *Coots v. Commonwealth,* Ky., 418 S.W.2d 752 (1967); *Hatfield v. Commonwealth,* Ky., 473 S.W.2d 104 (1971). Appellant, however, cites KRS 501.030 to .050 to argue the ". . . law of Kentucky has been changed by an obvious and unambiguous legislative pronouncement . . ." so that a culpable mental state must now be shown in order to convict an accused of the crime of rape. We have carefully considered these sections of the Penal Code and remain firm in our belief that the carnal abuse of a child is a crime without regard to the reasons or the intent with which it was done, so that an instruction such as the one under consideration in this case should not be given. Here our conclusion is fortified by the commentary to KRS 510.040, rape in the first degree, which specifically states ". . . The mere act of sexual intercourse with a child under 12 completes the offense. . . ."

The judgment is affirmed.

All concur.