**William H. MEREDITH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 15, 1982.

Discretionary Review Denied
March 23, 1982.

Allen W. Holbrook, Morehead, for appellant.

Steven L. Beshear, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for appellee.

Before GANT, HOWERTON and WHITE, JJ.

GANT, Judge.

This appeal is from a conviction of assault in the second degree, KRS 508.020, which arose from an altercation between a used car dealer and a dissatisfied customer. The dispute arose over payment for certain parts for a van which developed mechanical trouble subsequent to its sale for $600. The appellant contended that the prosecuting witness agreed to pay for them, which the dealer denied, contending that the vehicle was sold "as is." After the bill for parts had been presented to the dealer and payment refused, appellant drove to the dealer's place of business, walked up to him and stated, "Mr. Caskey, I'm giving you a

chance to be my friend or my enemy." To this came the reply, "If it is concerning the parts bill, I would just as soon be your enemy." The prosecuting dealer testified that appellant then advanced toward him with a hunting knife and thrust it toward his stomach; that he grabbed at the knife hand with his left hand to divert the instrument and disarmed the appellant. This was corroborated by other witnesses, but denied by appellant. During the scuffle, the dealer suffered a superficial wound to his left hand from the knife.

The jury was instructed on both second degree and third degree assault, finding the appellant guilty of the former and fixing his punishment at five years.

KRS 508.020 states:

(1) A person is guilty of assault in the second degree when;

        *       *       *       *       *       *

(b) He intentionally causes physical injury to another by means of a deadly weapon or a dangerous instrument . . .

In an excellent argument, appellant contends that the superficial wound herein does not constitute a "physical injury" as defined in KRS 500.080(13), which reads: " 'Physical injury' means substantial physical pain or any impairment of physical condition."

There is no evidence herein that the prosecuting witness suffered any substantial pain, leaving us to an interpretation of the phrase "any impairment of physical condition," as used in the statute. Judge Learned Hand once wrote, ". . . Words are chameleons, which reflect the color of their environment." KRS 508.020 provides three situations under which a person may be convicted of second degree assault. Under (1)(a), if intentionally causing *serious* physical injury, and under (1)(c), if wantonly causing *serious* physical injury by means of a deadly weapon or dangerous instrument, the defendant may be found guilty. Similarly, the difference between first degree assault and second degree assault, in the intentional use of a deadly weapon or dangerous instrument, is the difference between "serious physical injury" and "physical injury."

The definition of "serious physical injury," as it pertains to the impairment necessary to constitute such injury, in KRS 500.-080(15) speaks of "prolonged impairment of health, or prolonged . . . impairment of the function of any bodily organ." Contrasting this "prolonged impairment of *health*" with "*any* impairment of *physical condition*," we feel that the color of the environment of these latter words would be apparent even to one suffering from achromatopsia. The same phrase, "any impairment of physical condition," would be included in third degree assault, a misdemeanor, and without it there could be no assault that did not involve a grievous injury.

It is our opinion that when a deadly weapon or dangerous instrument is used intentionally, the requirements of KRS 508.020(1)(b) are met when *any injury* results. We feel that the words "impairment of physical condition" simply mean "injury."

We further find that the other assignments of error are without merit.

The judgment is affirmed.

All concur.