**Robert Lee MALONE, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Supreme Court of Kentucky.

July 6, 1982.

Rehearing Denied Aug. 31, 1982.

Frank W. Heft, Jr., Dist. Public Defender, Bruce P. Hackett, Louisville, for appellant.

Steven L. Beshear, Atty. Gen., K. Gail Leeco, Virgil W. Webb, III, Asst. Attys. Gen., Frankfort, for appellee.

CLAYTON, Justice.

Appellant was convicted by a jury in Jefferson Circuit Court of first degree rape (KRS 510.040(1)(a)), first degree sodomy (KRS 510.070(1)(a)), and being a persistent felony offender in the second degree (KRS 532.080). Punishment was fixed at life imprisonment. Appellant now appeals as a matter of right, raising three assignments of error. We see only one issue which warrants discussion and summarily dismiss the others as being without merit.

The issue presented by this appeal is whether the trial court erred when it refused to instruct the jury that voluntary intoxication is a defense to the crimes of forcible rape and sodomy.

Voluntary intoxication is a defense to a criminal charge if it "negates the existence of an element of the offense." KRS 501.-080. We have interpreted this defense to apply only to intentional and knowing offenses. *Brown v. Commonwealth*, Ky., 575 S.W.2d 451 (1978). The statutes defining the crimes of forcible rape and sodomy, KRS 510.040(1)(a) and KRS 510.070(1)(a), do not say that a mental state is required for their commission. Each statute only requires that the prohibited act be committed by forcible compulsion. Appellant nonetheless argues that a culpable mental state is required for all criminal offenses by KRS 501.050 unless the offense is a violation, misdemeanor, or one defined outside the Penal Code, which rape and sodomy clearly are not.

We addressed this same argument in *Isaacs v. Commonwealth*, Ky., 553 S.W.2d 843 (1977), as it related to the rape of a child less than twelve years old (KRS 510.-040(1)(b)(2)). There we decided the act completed the offense without regard to the mental state with which it was done. We reached our decision by comparing the pre-code offense of carnal abuse of a child with the new statutory rape definition and concluded that no specific mental state need be shown. See also *Hatfield v. Commonwealth*, Ky., 473 S.W.2d 104 (1971).

Prior to the enactment of the Penal Code, we held that forcible rape could not be mitigated or excused on account of the accused's drunkenness. *Abbott v. Commonwealth*, 234 Ky. 423, 28 S.W.2d 486 (1930). The act itself constituted the offense without other indicia of intent. *Coots v. Commonwealth*, Ky., 418 S.W.2d 752 (1967). We do not think the drafters of the Penal Code intended to inject the elements of intent or knowledge, as they are defined in KRS 501.020, into the crimes of forcible rape and sodomy so as to make voluntary intoxication available as a defense. Our conclusion is supported by the commentary to the code

where it was stated, "substantively the crime of rape has not changed." Kentucky Penal Code, Final Draft of 1971, Commentary to § 1115 at 131.

We therefore hold that once the prohibited acts are done, the crimes of forcible rape and sodomy are complete without regard to the effect of voluntary intoxication on the accused's mental state.

The judgment is affirmed.

AKER, CLAYTON, O'HARA, STEPHENS, STEPHENSON and STERNBERG, JJ., concur.