Frankie COVINGTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 91–CA–002020–MR.

Court of Appeals of Kentucky.

Oct. 30, 1992.

Discretionary Review Denied by Supreme Court April 14, 1993.

Jill Hall Rose, Lexington, for appellant.

Chris Gorman, Atty. Gen., Dina Abby Jones, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, HUDDLESTON and SCHRODER, JJ.

SCHRODER, Judge.

Appellant, Frankie Covington, appeals from the judgment of the Lyon Circuit Court sentencing him to a total of ten (10) years for the conviction of assault in the third degree and being a persistent felony offender in the second degree ("PFO II"). Appellant primarily contends KRS 508.-025(1)(b) is invalid and the lower court erred in overruling his motion to dismiss the indictment. We disagree and, thus, affirm.

The facts in this case are essentially undisputed. Appellant, an inmate at the Kentucky State Penitentiary at Eddyville, Kentucky, jumped out of the showers and began swinging at another inmate, Henry Gill. Tony Campbell, a correctional officer at the penitentiary, attempted to subdue appellant. In the process, appellant struck Officer Campbell in the face at least twice which caused Officer Campbell to suffer a bruise on his face and a scratch under his eye. These injuries were treated at the prison hospital and the Caldwell County Hospital Emergency Room.

Pursuant to KRS 508.025, appellant was indicted with the offense of third-degree assault and being a persistent felony offender in the second degree. Appellant

was convicted of both offenses and sentenced to a total of ten-years imprisonment to run consecutively with the sentence appellant was presently serving at the penitentiary. This appeal ensued.

■ Appellant first complains that KRS 508.025(1)(b) is invalid because it does not require that the defendant possess any culpable mental state. Since no culpable mental state is expressed in KRS 508.025(1)(b),[1] appellant argues the statute imposes strict liability and is invalid because it fails to meet the statutory requirements of KRS 501.050.

While it is true KRS 508.025(1)(b) does not expressly state the *mens rea* required for the offense of third-degree assault, this does not mean the statute is necessarily invalid. For purposes of defining criminal liability and culpability, statutory provisions such as KRS 508.025(1)(b) which do not expressly state the *mens rea* do not stand alone, but must be read in conjunction with KRS 501.040 or KRS 501.050.

Since KRS 508.025(1)(b) does not impose absolute liability nor satisfy the requirements set forth in KRS 501.050, we believe that KRS 501.050 is inapplicable, not that KRS 508.025(1)(b) is invalid because it does not satisfy the requirements of KRS 501.050 as appellant contends. Therefore, we reject appellant's argument.

As to KRS 501.040 on Culpability and the Construction of statutes, we believe it does apply and states as follows:

Although no culpable mental state is expressly designated in a statute defining an offense, a culpable mental state may nevertheless be required for the commission of such offense, or with respect to some or all of the material elements thereof, if the proscribed product necessarily involves such culpable mental state.

When reading KRS 508.025(1)(b) in conjunction with KRS 501.040, although KRS 508.025(1)(b) does not expressly state the culpable mental state required for the offense of assault in the third degree, a culpable mental state is required for the com-

mission of the offense. *See Malone v. Commonwealth*, Ky., 636 S.W.2d 647 (1982). In effect, the culpable mental state required for assault in the third degree is written into KRS 508.025(1)(b) by KRS 501.040. As in the case at bar, a prison inmate confined in a detention facility *must inflict physical injury* upon an employee of the detention center. This necessarily requires an inmate, in this case the appellant, to intentionally or wantonly inflict physical injury upon a prison employee, Officer Campbell. Accordingly, we adjudge KRS 508.025(1)(b) does require a culpable mental state, although not expressly stated, and therefore is not invalid.

■ Appellant next argues that KRS 508.025(1)(b) is constitutionally infirm because it is both overbroad and void for vagueness. As to overbroadness, appellant complains that while the statute attempts to control impermissible conduct, it also prohibits permissible conduct. On the issue of vagueness, appellant contends that the statute fails to provide minimal guidelines to govern law enforcement and will lead to arbitrary and inconsistent enforcement. We believe both arguments are without merit.

First, KRS 508.025(1)(b) is not overbroad because no constitutionally permissible conduct is prohibited. The only conduct which is impermissible under the facts of this case is that a prison inmate may not intentionally or wantonly inflict physical injury upon a prison employee. In the case at bar, this means appellant, an inmate, could not intentionally or wantonly strike Officer Campbell, a prison employee, without violating KRS 508.025(1)(b). The statute does not condemn an accidental injury or prevent a defendant from asserting any defenses that may be available, *e.g.*, insanity, mistake, intoxication, duress or self-defense.

■ Second, on the issue of vagueness, appellant cites *Kolender v. Lawson*, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983), which sets forth the void-for-vague-

---

1. KRS 508.025(1)(b) states as follows: A person is guilty of assault in the third degree when: (b) being a person confined in a detention facility, he inflicts physical injury upon or throws or causes feces or urine to be thrown upon an employee of the detention facility.

ness doctrine. The void-for-vagueness doctrine requires that a penal statute define the offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and which does not lead to arbitrary enforcement.

KRS 508.025(1)(b) is designed to operate within the specific and unique environment of the prisons in which a prison inmate is prohibited from inflicting physical injury on a prison employee. This certainly includes the appellant intentionally or wantonly striking Officer Campbell and injuring him. We believe this statute is sufficiently definite that it can be understood by ordinary people, while providing the minimal guidelines necessary to govern law enforcement.

■ Appellant next claims reversible error in the trial court's instruction on the mental states of assault in the third degree. Over objection, the trial court instructed the jury that it could find appellant guilty of assault in the third degree if the jury found that appellant acted intentionally or wantonly. Appellant contends that no mental state is specified in KRS 508.025(1)(b), therefore the court erred in instructing the jury instead of dismissing the case. We reject this argument based upon our foregoing conclusion that KRS 508.025 does specify a mental state. Moreover, the lower court has a duty to instruct the jury on the whole law of the case and "this requires instructions applicable to every state of case deducible or supported to any extent by the testimony." *Morton v. Commonwealth*, Ky., 817 S.W.2d 218, 223 (1991) (quoting *Kelly v. Commonwealth*, Ky., 267 S.W.2d 536, 539 (1954)). We believe the instructions in this case were supported by the evidence and, thus, were proper.

■ Appellant complains next that KRS 508.025 imposes cruel and unusual punishment in violation of the Kentucky and United States Constitutions. Cruel and unusual punishment is "punishment which shocks the general conscience and violates the principle of fundamental fairness." *Cutrer v. Commonwealth*, Ky.App., 697 S.W.2d 156, 158 (1985) (citing *Workman v. Commonwealth*, Ky., 429 S.W.2d 374 (1968)). The factors to be weighed in making a determination of whether a punishment is disproportionate are set forth in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *accord, Collett v. Commonwealth*, Ky.App., 686 S.W.2d 822 (1984), which are:

(1) The gravity of the offense and harshness of the penalty;

(2) The sentences imposed on other criminals in the same jurisdiction;

(3) The sentences imposed for commission of the same crime in other jurisdictions.

■ In the case at bar, the harshness of appellant's penalty is not disproportionate to the gravity of appellant's crime. Appellant struck a prison guard at least twice in the face. The legislature, in enacting KRS 508.025, has determined that prison employees need protection from prison inmates whom they are responsible for guarding. By making appellant's actions a felony, we believe the legislature has declared such actions a serious offense.

Further, the sentence of ten years of which appellant received was not disparate from sentences imposed on other persons convicted of a class D felony and PFO II. While appellant contends that the statute imposes cruel and unusual punishment because a person convicted of assaulting a prison guard could get up to 20 years for crimes that would typically only have a six-month penalty range, he fails to point out that it is *not* merely the assault that makes for a long sentence, but rather, it is the assault coupled with the two other felony convictions.

Regarding the third element of *Solem, supra*, appellant does not allege that the crime of assaulting a prison guard receives more lenient treatment in other jurisdictions. Therefore, in sum, we believe the punishment received by appellant for assaulting a prison guard and PFO II was not so grossly disproportionate to the seriousness of the underlying crime and prior felonies as to constitute cruel and unusual punishment.

■ Appellant's final argument is that he was entitled to a directed verdict because the Commonwealth allegedly failed to prove the element of physical injury

under the statute. We reject this argument as being without merit.

As appellant correctly notes, the statutes relating to assault do not contain a definition of physical injury. The definition of physical injury is found in KRS 500.080(13) and means "substantial physical pain or impairment of physical condition." Further, this Court has interpreted "impairment of physical condition" to mean any injury. *Meredith v. Commonwealth*, Ky. App., 628 S.W.2d 887, 888 (1982). In the case at bar, Officer Campbell testified that he suffered a bruised face and a scratch below his eye. He also testified that his injuries caused him pain and required medical attention at the local hospital. Accordingly, we believe there was sufficient proof to establish a "physical injury" and a directed verdict was not warranted.

For the foregoing reasons, the Lyon Circuit Court judgment of conviction is affirmed.

All concur.