Steven G. BARKER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 1999–CA–000500–MR.

Court of Appeals of Kentucky.

Sept. 29, 2000.

R. Mitchell Berryman, Winchester, for Appellant.

A.B. Chandler, III, Attorney General, Todd D. Ferguson, Assistant Attorney General, Frankfort, for Appellee.

Before: BUCKINGHAM, EMBERTON, and SCHRODER, Judges.

*OPINION*

BUCKINGHAM, Judge.

As the result of an arrest for operating a motor vehicle under the influence of alcohol (DUI), Steven Barker was convicted in the Clark County Circuit Court of DUI,

third offense (DUI III), which, by virtue of his blood alcohol level exceeding 0.18, is a Class D felony. KRS[1] 189A.010(4)(c). Barker argues that the operative statute is unconstitutionally vague and hence must be rendered void and that his conviction therefore must be vacated. Having reviewed and analyzed the applicable law, we affirm.

On October 18, 1998, Barker was arrested for suspected DUI and transported to the Clark County jail. He was administered a blood alcohol test which indicated a blood alcohol concentration of 0.26.[2] Thereafter, Barker was indicted for DUI III, over 0.18, a felony.

Barker moved to suppress the blood alcohol results or to amend the charge to a misdemeanor. Following a hearing on the matter, the trial court denied Barker's motion, finding nothing vague respecting the contents of KRS 189A.010 nor that the consent statute, KRS 189A.105, required a DUI suspect to be informed about the consequences of submitting to a blood alcohol test which results in a reading of 0.18 or greater. Thereafter, Barker entered a conditional guilty plea[3] to the charge of DUI III over 0.18, which plea was accepted by the court. Barker was sentenced to one year of imprisonment, and this appeal followed.

Barker argues that when KRS 189A.010, the DUI presumptions and penalties statute, is construed with KRS 189A.105, the implied consent statute, an irreconcilable conflict results rendering the statutory scheme void-for-vagueness. Specifically, Barker points to KRS 189A.010(4)(c) which provides, in pertinent part:

If the alcohol concentration is below 0.18, for a third offense within a five (5) year period, [he or she shall] ... be imprisoned in the county jail for not less than thirty (30) days nor more than twelve (12) months.... If the alcohol concentration is 0.18 or above, he or she shall be guilty of a Class D felony.

Under the statute, a third time DUI offender[4] with a blood alcohol concentration of 0.18 or more is subject to a felony conviction whereas a misdemeanor conviction is imposed upon an equal recidivist whose blood alcohol concentration is below 0.18.

■ Barker contends that this subsection is incompatible with the consent statute as provided in KRS 189A.105. The essence of Barker's contention is that since KRS 189A.105 requires a person to be informed of the repercussion of refusing to submit to a blood alcohol test, it is equally necessary that he or she be apprised of the consequence that submitting to the test can result in a felony offense for a third time offender should the results read 0.18 or above. The sum of Barker's argument is that, under the statutory terms, the DUI suspect is not adequately informed of the consequences should the test results exceed 0.18, hence the statute is vague, rendering its enforcement arbitrary and capricious in violation of the United States and Kentucky Constitutions. We disagree.

■ Rather, the void-for-vagueness doctrine requires the penal statute to define the offense with such clarity as to inform persons of ordinary sense as to what conduct is prohibited while not leading to arbitrary or subjective enforcement. *Covington v. Commonwealth*, Ky.App., 849 S.W.2d 560, 563 (1992). In construing a statute, this court must consider "the purpose which the statute is intended to accomplish—the reason and spirit of the statute—the mischief intended to be

---

1. Kentucky Revised Statutes.

2. In KRS 189A.005, "alcohol concentration" is defined as "either grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath."

3. *See* Kentucky Rules of Criminal Procedure (RCr) 8.09.

4. The third offense must be committed within a five (5) year period.

remedied." *City of Louisville v. Helman,* Ky., 253 S.W.2d 598, 600 (1952).

Unquestionably, KRS 189A.010 provides that driving under the influence of alcohol or any other impairing substance or a combination thereof is prohibited. Specifically, subsection (4) operates as a recidivist provision in that it designates an enhanced penalty for each subsequent DUI offense committed within a five-year period. We believe this statute is sufficiently definite that it can be understood by ordinary persons.

■ Regarding the arbitrary enforcement prong, the legislature is required to provide " 'minimal guidelines' to prevent a 'standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.' " *Commonwealth v. Kash,* Ky.App., 967 S.W.2d 37, 45 (1997) (quoting *Kolender v. Lawson,* 461 U.S. 352, 358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) (citation omitted)). It is this prong, we believe, that Barker claims to be triggered by the conjunction of KRS 189A.010(4)(c) and KRS 189A.105, that is, failure to adequately inform a third offense DUI suspect that acquiescing to the blood alcohol test can result in a felony conviction. We disagree.

KRS 189A.105 is part and parcel of a comprehensive statutory system, otherwise known as the "implied consent law." Our legislature, like those of sister states, has addressed the serious problem of drinking and driving which is ever present throughout society. The scheme of the law is to provide an effective and efficacious method by which law enforcement can ascertain those DUI suspects who are or are not within the limits of the law and punish the violators. *Beach v. Commonwealth,* Ky., 927 S.W.2d 826, 827–28 (1996). In order to aid in the administration of the statute, the legislature incorporated an "implied" consent to submission of a blood, breath, or urine test for the purpose of determining alcohol/other impairing substance concentration. KRS 189A.103(1).

This method allows for the best evidence of a suspect's blood alcohol concentration and preservation thereof.

For those recalcitrant to the notion, the legislature enacted KRS 189A.105 directing, *inter alia,* that although "[n]o person shall be compelled to submit to any test ... his refusal to submit to such tests shall result in revocation of his driving privilege as provided in this chapter." KRS 189A.105(1). Barker insists that this warning is insufficient to inform a third time offender that he may be subject to a felony conviction and that additional warnings should be supplemented. Additionally, Barker analogizes the statutory "right" to refuse the blood alcohol test with the "rights" provided by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

However, it is our opinion that *Commonwealth v. Wirth,* Ky., 936 S.W.2d 78 (1996), lends insight to this issue. In *Wirth,* our supreme court addressed a challenge to KRS 189A.105 as being insufficient and requiring additional warnings "so as to avoid any misleading and achieve greater accuracy." [5] *Id.* at 81. As the court noted:

> If such a warning is inaccurate, only the Legislature possesses power to modify it to achieve greater accuracy except where the inaccuracy would be so grave as to amount to a constitutional violation.... In the context of a defendant's constitutional rights ..., this Court has held that one pleading guilty need not be informed of every possible consequence of the guilty plea. We observed that a multitude of events occur in a criminal proceeding which might influence a defendant to plead guilty or stand trial and that it would be impossible to inform a defendant of all facts and law which might affect his decision. The same reasoning applies here.

*Id.* at 81–82 (citations omitted).

Similarly, we believe the warning contained in KRS 189A.105 regarding the con-

---

**5.** Specifically, the provision which states "no person shall be compelled to submit to any test or tests" was challenged as inaccurate and inadequate.

sequences of failure to abide by the implied consent rule does not rise to the level of a fundamental or constitutional right, but merely informs the suspect of the repercussion that flows from the refusal. *See Wirth,* 936 S.W.2d at 82, wherein the court held that "[a] more reasonable interpretation of the language used is that one who refuses will not be physically forced to submit to a chemical test. It does not mean that such person has a lawful right to refuse such testing." The statute addresses strictly the notion of implied consent and the penalty for noncompliance therewith. In this regard, we believe, the statute provides the minimal guidance necessary to avoid arbitrary or discriminatory enforcement.

In short, we reject Barker's constitutional challenge to the statute,[6] and the judgment of the Clark Circuit Court is affirmed.

ALL CONCUR.

**Eric M. LAMB, Appellant,**

v.

**Catherine FULLER; W. Bruce Cowden, Jr., General Electric; Special Fund; and Workers' Compensation Board, Appellees.**

**No. 1999–CA–001832–WC.**

Court of Appeals of Kentucky.

Oct. 6, 2000.

---

Eric M. Lamb, Louisville, KY, Brief and Oral Argument for Appellant.

Joel Zakem, Frankfort, KY, Brief and Oral Argument for Appellee Special Fund.

Before BARBER, COMBS, and McANULTY, Judges.

*OPINION*

COMBS, Judge:

Eric M. Lamb, an attorney, appeals an opinion of the Workers' Compensation Board (Board) affirming the decision of an Administrative Law Judge (ALJ). The

---

6. This court rejected a constitutional challenge to KRS 189A.010(4)(c) in *Cornelison v. Commonwealth,* 1999–CA–001825–MR, 2000 WL 896099, motion for discretionary review pending. Therein the court rejected challenges that the statute was arbitrary, violated equal protection rights, constituted civil and

Board concluded that an attorney who handles separate claims consolidated for procedural purposes is limited to a single fee pursuant to Kentucky Revised Statute (KRS) 342.320. After reviewing the arguments, we reverse and remand.

Catherine Fuller began working for General Electric Company in August 1973. On February 23, 1994, she filed a Form 101 (Application for Adjustment of Claim) with the Department of Workers Claims. Fuller alleged that she had sustained injuries to her shoulders, arms, neck, back, and hands arising from incidents occurring in October 1988, February 1989, February 1992, and January 1993; she also claimed injury from cumulative trauma. In September 1998, Fuller's claims were settled with the employer and the Special Fund. By agreement, she received $55,000.00 for her total disability resulting from incidents that had occurred in February 1992 and January 1993. The settlement agreement indicated that the two claims had been compromised to a value of $27,500.00 each.

Following the settlement, Eric Lamb, Fuller's attorney, filed a motion for attorney fees. Lamb submitted separately executed professional service contracts for the two compromised claims and requested that separate attorney fees be approved. Lamb itemized a total of 76.70 hours spent in securing the settlement and sought a fee of $5,375.00, for each claim.[1]

The ALJ approved an attorney fee in the total amount of $7,500.00. The ALJ stated:

> Pursuant to KRS 342.320(1), an Administrative Law Judge is required to consider certain factors in fixing a reasonable fee for the legal service rendered. These factors include the nature, scope, and quality of legal services, level of skill and competence exhibited by the attorney, the result achieved, and the contingent nature of the case. In the instant case, it is found that the plaintiff's claim has been practiced with a high level of skill and competence and an excellent result has been achieved. These factors, together with recognition that the attorney's fee was contingent in nature and no fee would have been payable in the event an Award were not rendered, *all mitigate in favor of the approval of the maximum attorney's fee allowable.*
> Therefore, after full review of the above factors and of the record in this claim, and further exercising the discretion afforded an Administrative Law Judge to balance the competing interests of the injured worker and those of his legal counsel, an attorney's fee in the amount of $7,500.00 is hereby approved for the services rendered.

(Emphasis added).

Lamb filed a timely petition for reconsideration requesting that the ALJ award him a total fee of $10,750.00. In denying the petition, the ALJ stated:

> This matter comes before the ALJ on the plaintiff's attorney's petition for reconsideration of an order entered on September 30, 1998 approving an attorney fee in the above styled case in the amount of $7,500.00. In said petition the plaintiff's attorney points out that the two injuries which are the subject matter of the settlement have separate claim numbers. Plaintiff's attorney then argues that truly there are two separate claims for which the plaintiff received compensation being the claims of February 12, 1992 and January 13, 1993. It should be pointed out however that only one claim as reflected with the filing of the Form 101 (File no. 93–46717) contains the two injury dates in question which comprise the settlement agreement. Pursuant to KRS 342.320 the ALJ finds that he has no other recourse than to approve the attorney fee as set out in KRS 342.320 which specifies the percentages which must be taken into account for the approval said of [sic] attorney fee. For this reason, the ALJ DENIES the plaintiff's attorney's peti-

---

unusual punishment, and violated the ex post facto clause in that case.