# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

*THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28 (4) (c), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS AUTHORITY IN ANY OTHER CASE IN ANY COURT OF THIS STATE.*

$$\text{Supreme Court of Kentucky}$$

2005-SC-000780-MR

CHARLES WAYNE FRENCH          APPELLANT

V.      APPEAL FROM JEFFERSON CIRCUIT COURT
HON. STEPHEN RYAN, JUDGE
INDICTMENT NO. 04-CR-002437

COMMONWEALTH OF KENTUCKY          APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

The Appellant, Charles W. French, was convicted of Sodomy in the First Degree and three counts of Sexual Abuse in the First Degree, and sentenced to forty-five years imprisonment. The victims were Appellant's step-daughter and daughter, H.C. and S.M., who were five years and six years of age, respectively. Appellant appeals as a matter of right pursuant to Ky. Const. § 110(2)(b), asserting "palpable error" and arguing that the charge of Sodomy in the First Degree (KRS 510.070(1)(b)(ii)), was void *ab initio*, as it did not contain, or require (pursuant to our previous decisions), one of the four culpable mental states set out in KRS 501.030.

For reasons that neither KRS 501.030 (Criminal Liability) or KRS 501.050 (Absolute Liability) mandate, and KRS 510.070 (Sodomy in the First Degree) does not require such a culpable mental state for Sodomy, the Appellant's conviction is affirmed.

Sodomy in the First Degree with a person under twelve years of age requires only that a person engage in deviate sexual intercourse with another person, who is incapable of consent because he/she is less than twelve years of age. KRS 510.070(1)(b). Deviate sexual intercourse is defined as "any act of sexual gratification involving the sex organs of one person and the mouth or anus of another." KRS 510.010(1).

KRS 501.030(2) on the other hand, commands only that the person charged must have "engaged in such conduct intentionally, knowingly, wantonly or recklessly *as the law may require* . . . ."(Emphasis added). The Sodomy statute, of course, *does not require* such a state of mind. It requires "deviant sexual conduct," i.e., an "act of sexual gratification," which is a jury question that was decided adversely to Appellant. This is consistent with our previous rulings in Malone v. Commonwealth, 636 S.W.2d 647- 48 (Ky. 1982) and Isaacs v. Commonwealth, 553 S.W.2d 843, 845 (Ky. 1977). See also, Meadows v. Commonwealth, 178 S.W.3d 527, 532 (Ky. App. 2005) ("[T]he statute for first-degree rape does not require any particular state of mind, such as intent or knowledge.").

In Malone, supra, we stated:

> Appellant nonetheless argues that a culpable mental state is required for all criminal offenses by KRS 501.050 unless the offense is a violation, misdemeanor, or one defined outside the Penal Code, which rape and sodomy clearly are not.
>
> We addressed this same argument in Isaacs v. Commonwealth, Ky., 553 S.W.2d 843 (1977), as it related to the rape of a child less than twelve years old (KRS 510.040(1)(b)(2)). There we decided the act completed the offense without regard to the mental state with which it was done. We reached our decision by comparing the pre-code offense of carnal abuse of a child with the new statutory rape definition and concluded that no specific

mental state need be shown. See also Hatfield v. Commonwealth, Ky., 473 S.W.2d 104 (1971).

> Prior to the enactment of the Penal Code, we held that forcible rape could not be mitigated or excused on account of the accused's drunkenness. Abbott v. Commonwealth, 234 Ky. 423, 28 S.W.2d 486 (1930). The act itself constituted the offense without other indicia of intent. Coots v. Commonwealth, Ky., 418 S.W.2d 752 (1967). *We do not think the drafters of the Penal Code intended to inject the elements of intent or knowledge, as they are defined in KRS 501.020, into the crimes of forcible rape and sodomy so as to make voluntary intoxication available as a defense.* Our conclusion is supported by the commentary to the code where it was stated, "substantively the crime of rape has not changed." Kentucky Penal Code, Final Draft of 1971, Commentary to s 1115 at 131.

Malone, 636 S.W.2d at 647-48 (emphasis added).

> In Isaacs, supra, we stated essentially the same, to wit:

> In regard to the second tendered instruction, we have consistently held that in cases where the doing of the act constitutes a crime regardless of the intention with which the act was done, the defendant is not entitled to an instruction on lack of mental capacity to form an intent to commit the crime due to intoxication. Coots v. Commonwealth, Ky., 418 S.W.2d 752 (1967); Hatfield v. Commonwealth, Ky., 473 S.W.2d 104 (1971). Appellant, however, cites KRS 501.030 to .050 to argue the ". . . law of Kentucky has been changed by an obvious and unambiguous legislative pronouncement . . ." so that a culpable mental state must now be shown in order to convict an accused of the crime of rape. *We have carefully considered these sections of the Penal Code and remain firm in our belief that the carnal abuse of a child is a crime without regard to the reasons or the intent with which it was done, so that an instruction such as the one under consideration in this case should not be given.* Here our conclusion is fortified by the commentary to KRS 510.040, rape in the first degree, which specifically states ". . . The mere act of sexual intercourse with a child under 12 completes the offense. . . ."

Isaacs, 553 S.W.2d at 845 (emphasis added).

A review of KRS Chapter 510 (Sexual Offenses) illustrates that the drafters of the Penal Code were well aware of the potential interplay of the mental states in regard to the sexual offenses set out therein. See e.g., KRS

510.150(1)( "A person is guilty of indecent exposure . . . when he *intentionally exposes* . . . .")(emphasis added). Thus, had the Legislature intended to require a specific mental state in the offenses of rape and sodomy, as opposed to the conduct specified, they would have. Moreover, they have been free to do so for the last twenty-nine years, and have not. Their failure to do so evidences their agreement with the results in Malone and Isaacs, supra, if not their logic.

Perhaps, however, a better explanation for the language employed in the rape and sodomy statutes could be given as it exceeds the bounds of human reason to argue that one could pursue an act of sexual gratification (or create "forcible compulsion") without an appropriate level of consciousness necessary to achieve it, whether one remembers it the next day, or not! But this realization also supports the results mandated in Malone and Isaacs, supra, in denying the defense of voluntary intoxication to such charges. If one commits rape or sodomy, he/she obviously was not so intoxicated as to obviate the consciousness necessary to accomplish the crime. Thus, the defense of voluntary intoxication will always be physically incompatible with the facts of these crimes, irrespective of the mental state argued.

In any event, we are convinced the Legislature intended for a rape or sodomy to be complete when the elements set out therein occur and twenty-nine years of precedent back them up.

There being no error in any event, the Appellant's conviction is affirmed.

Lambert, C.J.; Graves, McAnulty, Roach, Scott and Wintersheimer, JJ., concur. Minton, J., concurs in result only.

-4-

COUNSEL FOR APPELLANT

J. David Niehaus
Deputy Appellate Defender
Office of the Jefferson
District Public Offender
200 Advocacy Plaza
719 W. Jefferson Street
Louisville, Kentucky 40202

COUNSEL FOR APPELLEE

Gregory D Stumbo
Attorney General

Todd D. Ferguson
Assistant Attorney General
Office of the Attorney General
Criminal Appellate Division
1024 Capital Center Drive
Frankfort, Kentucky 40601-8204