MAZE, JUDGE:
Elige Randolph instigated a prison melee and was subsequently convicted in the Rowan Circuit Court of fourth-degree assault, third-degree assault, and being a first-degree persistent felony offender. He contends the jury should have been instructed on the self-protection defense. We hold the evidence at trial did not support a self-protection instruction and affirm Randolph's conviction.
BACKGROUND
On the morning of April 3, 2016, cell 170 of the Rowan County Detention Center was at maximum capacity: sixteen inmates, including Randolph, were housed inside, some sleeping on bunk beds, others sleeping on the floor. It was so cramped inside the cell that the inmates barely had any room to walk, and the only part that remained unoccupied was next to the bathroom. Later that morning, Sgt. Jeff Riley, a deputy jailer, placed a seventeenth inmate, William Elks, in cell 170. Randolph complained about another inmate occupying the already crowded cell. Sgt. Riley's response is disputed. Sgt. Riley testified that he informed Randolph that inmates did not get to choose who resided in the cell. Fellow residents of cell 170 testified that Sgt. Riley opined that Randolph was "a bitch." In any event, Randolph's reaction is undisputed: He said "fuck it!" and began punching Elks in the head. Sgt. Riley then entered the cell to stop Randolph's attacks and both men sustained injuries in the ensuing fracas.
Randolph was indicted for fourth-degree assault for the attack on Elks, third-degree assault for punching Sgt. Riley, and with being a first-degree persistent felony offender. At the subsequent trial, Sgt. Riley testified that he initially attempted to pull Randolph off Elks, but Randolph resisted and began throwing punches. Sgt. Riley explained that it was the jail's policy to immediately separate fighting inmates and place them in isolation to prevent further injury to inmates and staff. The jury was also shown a video recording of the incident. However, neither party cites to this recording in their briefs, and we are unable to locate it in the record.
Elks and another inmate, Todd Caudill, testified that Randolph and Sgt. Riley each attempted to punch one another, but both conceded that Sgt. Riley attempted to pull Randolph off Elks before any punches were thrown. Neither inmate was certain which man threw the first punch. After watching the video of the incident, Elks opined that it "kinda looked" like Sgt. Riley was the aggressor.
After the conclusion of proof, Randolph moved for a self-protection instruction. The trial court denied the motion, finding Randolph was not entitled to use physical force in self-defense because he was the initial aggressor. The jury found Randolph guilty on all counts, and he was sentenced to a total of twelve years' imprisonment. This appeal follows.
ANALYSIS
"A defendant has a right to have every issue of fact raised by the evidence and material to his defense submitted to the jury on proper instructions." Taylor v.
*578 Commonwealth , 995 S.W.2d 355, 360 (Ky. 1999). This is requires that the trial court provide instructions applicable to every state of the case, including affirmative defenses, "covered by the indictment and deducible from or supported to any extent by the testimony." Lee v. Commonwealth , 329 S.W.2d 57, 60 (Ky. 1959).
Under KRS[1] 508.025(1)(a)(1), a person is guilty of third-degree assault when he or she "intentionally causes or attempts to cause physical injury to ... [a] state, county, city, or federal peace officer[.]" A defendant charged under the statute may assert any defense, such as self-defense, that may be available. Covington v. Commonwealth , 849 S.W.2d 560, 562 (Ky. App. 1992). The use of physical force is available as a defense "when the defendant believes that such force is necessary to protect himself against the use or imminent use of unlawful physical force by the other person." KRS 503.050(1). However, self-defense may not be invoked when the defendant "with the intention of causing death or serious physical injury to the other person, provokes the use of physical force by such other person" or was the initial aggressor. KRS 503.060(2) - (3).
The undisputed facts of this case are that Randolph attacked Elks without provocation and then Sgt. Riley entered the cell and attempted to pull Randolph off Elks. This was consistent with his duties as a corrections officer. It is unclear who threw the first punch in the altercation between Randolph and Sgt. Riley. But this uncertainty is irrelevant in this case. The self-protection defense is available only when force is used in response to unlawful physical force. Sgt. Riley was intervening in an unprovoked attack on an inmate and was privileged under KRS 503.070(1) to use physical force in lawful protection of another.
We also agree with the trial court's conclusion that Randolph was barred from invoking self-protection because he was the initial aggressor. As the Kentucky Supreme Court explained, albeit in an unpublished decision, "[t]he purpose of the initial aggressor doctrine, like the 'provocation doctrine', is to prevent a defendant from instigating a course of conduct then claiming he was acting in self-defense when that conduct unfolds." Hayes v. Commonwealth , 2015-SC-000501-MR, 2017 WL 639387, at *4 (Ky. Feb. 16, 2017). We are not bound by this opinion; however, we find its reasoning persuasive and applicable to this case.
CONCLUSION
For reasons stated above, the judgment of the Rowan Circuit Court is affirmed.
ALL CONCUR.

Kentucky Revised Statutes.