MAZE, JUDGE:
This appeal arises from a Lyon Circuit Court convicting the Appellant, Garfield *168 Evans, for three counts of third-degree assault. As the record shows the trial court correctly denied Appellant's motion for directed verdict, we affirm on that issue. However, because palpable error resulted from the Commonwealth's closing at sentencing, we reverse and remand on that issue.
Background
The Appellant, Garfield Donte Evans (Evans), was an inmate at the Kentucky State Penitentiary in Eddyville, Kentucky. He had a long history of mental illness and was serving a four-year sentence. On January 15, 2015, Evans was in a segregation unit because he had threatened to harm himself. In this unit he was observed at all times. On the 15th, Evans was to be moved to a different cell block. When officers attempted to move him, he removed the smock he was wearing and placed it in the toilet in his cell. He then flushed the toilet several times in an alleged attempt to flood his cell. He then removed the smock from the toilet and threw it towards the three officers. The liquid on the smock splashed the officers and splashed into the eye of one of the officers.
Based on this incident, Evans was indicted on three counts of assault in the third degree. KRS 1 508.025. A jury trial was held on July 19, 2016. At the trial, all three officers testified that the smock had been submerged in the toilet and that the liquid that hit them smelled strongly of urine. The officers admitted, however, that they did not see Evans urinate. Evans's counsel motioned for a directed verdict at the close of argument on the basis that no testimony proved that Evans had urinated in the toilet. The court overruled the motion citing to the fact that all three officers testified the smock was in the toilet and the liquid smelled strongly of urine. The jury found Evans guilty of three counts of third-degree assault.
At the sentencing phase of the hearing, the Commonwealth told jurors that their verdict needed to serve as a deterrent to other prisoners and that the jury was speaking as one voice for the community. The Commonwealth called as a witness an employee of the Department of Probation and Parole. The witness testified, among other things, that if the jury returned a maximum verdict of five years on each count, running consecutively, Evans would be eligible for parole in three years. The Commonwealth, however, told the jury that if they gave Evans the maximum fifteen years, "he's only looking at three years to serve," referencing the testimony of the witness.
During deliberations, members of the jury had questions pertaining to whether their decision had to be unanimous and how much time Evans would have to serve if they came back with four years for each count. The trial court was unable to answer their question pertaining to time served and the jury ultimately recommended four years for each count. The jury recommended that those sentences be run consecutively. Evans appeals from the denial of his directed verdict motion and from the unpreserved error of the Commonwealth's closing in the sentencing phase.
Standard of Review
On appellate review, a trial court's denial of a motion for directed verdict should only be reversed "if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt[.]" Commonwealth v. Benham, 816 S.W.2d 186, 187 (Ky. 1991) (citing *169 Commonwealth v. Sawhill , 660 S.W.2d 3, 4-5 (Ky. 1983) ). In determining whether to grant a motion for directed verdict, the trial court must consider the evidence as a whole, presume the Commonwealth's proof is true, draw all reasonable inferences in favor of the Commonwealth, and leave questions of weight and credibility to the jury. Id. "[T]he trial court is expressly authorized to direct a verdict for the defendant if the [Commonwealth] produces no more than a mere scintilla of evidence." Id. at 187-88.
When reviewing an unpreserved error, we may grant relief of a palpable error if we find that "manifest injustice has resulted from the error." RCr 2 10.26. Such injustice occurs only when the alleged error "seriously affected the fairness, integrity, or public reputation of the proceeding." Newcomb v. Commonwealth , 410 S.W.3d 63, 79 (Ky. 2013) (quoting Martin v. Commonwealth , 207 S.W.3d 1, 4 (Ky. 2006) ) (internal quotations omitted). In other words, we inquire as to whether the result of the proceeding would have been different absent the alleged error. See Brewer v. Commonwealth , 206 S.W.3d 343, 349 (Ky. 2006).
Analysis
On appeal, Evans contends that the trial court erred by denying his motion for directed verdict and that the Commonwealth's comments to the jury during the sentencing phase resulted in palpable error. As we find that the trial court correctly denied the directed verdict, but Evans was prejudiced by the Commonwealth's error, we affirm in part, reverse in part, and remand.
KRS 508.025(1)(b) states that "[a] person is guilty of assault in the third degree when the actor ... [b]eing a person confined in a detention facility ... throws or causes feces, or urine ... to be thrown upon an employee of the facility." Here, Evans was an inmate in a detention facility who threw a smock covered in toilet water towards the three employees of the facility. As explained above, during the trial all three officers testified that the substance smelled strongly of urine. As explained above, all three officers saw Evans place the smock in the toilet, and all three officers testified that the substance on the smock smelled strongly of urine after it was thrown at them. Although none of the officers saw Evans urinate, there clearly was evidence for the jury to find that the substance on the smock was urine. Therefore, we agree with the trial court that the Commonwealth produced sufficient evidence to survive a directed verdict motion.
Next, Evans contends that the Commonwealth's statements during the sentencing phase resulted in palpable error. First, Evans contends that comments related to his parole eligibility resulted in palpable error. Second, Evans contends that the Commonwealth's statements concerning the jury's need to speak for the citizens and send a message also constituted palpable error.
The Kentucky Supreme Court in Ruppee v. Commonwealth , 754 S.W.2d 852, 853 (Ky. 1988), held that a prosecutor misstated the law concerning how many years a defendant would serve. There, a Commonwealth Attorney in the penalty phase argued to the jury, "[s]o don't feel bad about giving a life sentence or 90 years or 80 years or 20 years or whatever you do. It doesn't matter. He is going to serve the same amount of time and that is seven and a half years." Id. The Commonwealth Attorney was referring to the fact that the defendant would be eligible for parole in seven and a half years. Id. The Court *170 explained that the prosecutor "misstated the law", noting that,
[t]here is no guarantee that appellant will be paroled at his first eligibility date. Further, it is possible that with a sentence of 80 years or life imprisonment, he might be required to serve a term considerably longer than 7 [and a half] years. Even if paroled at the earliest possible date, he would remain under the sentence and could be recommitted if he violated the terms of the parole.
Id. Consequently, the Supreme Court found that this misstatement resulted in prejudice to the defendant, and remanded for a new sentencing phase.
Here, the employee of the Department of Probation and Parole testified that if Evans received the maximum sentence of five years on each charge, running consecutively, he would be eligible for parole in three years. The Commonwealth Attorney, however, stated in his sentencing phase closing argument to the jury that, "if you gave him the maximum, he's only looking at three years to serve." As in Ruppee , this was a misstatement of law and was an improper statement. The jury was clearly affected by the statement because they asked how much time Evans would actually serve if they gave him four years on each count. This question was unable to be answered by the court. The jury ultimately did sentence Evans to four consecutive years on each count, almost the maximum. A substantial possibility exists, therefore, that the result would have different had the Commonwealth Attorney not misstated the law. Therefore, the misstatement caused a manifest injustice and was palpable.
Next, Evans contends that the comments made by the Commonwealth Attorney concerning the jury's responsibility to speak for the community and send a message to other inmates. We need not discuss this argument as our discussion above is dispositive.
Conclusion
For the reasons stated herein, we affirm Evans's conviction for third-degree assault, but reverse and remand with instructions for a new sentencing hearing to be held in accordance with this opinion.
ALL CONCUR.