RENDERED: MAY 8, 2026; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0134-MR

JOSEPH W. DAUGHERTY                                                              APPELLANT

v.
APPEAL FROM LYON CIRCUIT COURT
HONORABLE JAMES R. REDD, III, JUDGE
ACTION NO. 24-CR-00020

COMMONWEALTH OF KENTUCKY                                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, A. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Joseph W. Daugherty brings this appeal from a January 7, 2025, Judgment and Sentence on Plea of Not Guilty of the Lyon Circuit Court upon a jury verdict finding him guilty upon two counts of third-degree assault and with being a second-degree persistent felony offender, sentencing him to a total of eighteen-years' imprisonment. We affirm.

Daugherty was an inmate at the Kentucky State Penitentiary and was placed in the restrictive housing unit. On May 22, 2023, Cassidy Parks, a licensed

practical nurse, and Devin Canup, a corrections officer, went to Daugherty's cell in order for Parks to give Daugherty medication. Officer Canup opened the cell's tray slot, whereupon Daugherty threw liquid feces from a cup toward Parks and Canup. The feces landed upon Parks' clothing, hair, eyes, and mouth and upon Canup's pants and shoes.

Daugherty was indicted upon two counts of third-degree assault and with being a persistent felony offender (PFO) in the second degree.[1] A jury trial ensued. The jury found Daugherty guilty of third-degree assault upon nurse Parks and of third-degree assault upon officer Canup and with being a PFO in the second degree. The jury recommended eight-years' imprisonment for the assault of officer Canup (enhanced by PFO) and ten-years' imprisonment for the assault of nurse Parks (enhanced by PFO), to be served consecutively for a total of eighteen-years' imprisonment. By Judgment and Sentence on Plea of Not Guilty entered on January 7, 2025, the circuit court sentenced Daugherty to a total of eighteen-years' imprisonment. This appeal follows.

<u>Standard of Review</u>

Our standard of review when ruling on a directed verdict is well-established:

---

[1] Joseph W. Daugherty was originally indicted for being a persistent felony offender in the first degree; however, the Commonwealth amended the charge to being a persistent felony offender in the second degree.

> [T]he trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth.  If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given.  For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

*Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991); *see also Evans v. Commonwealth*, 544 S.W.3d 166, 168 (Ky. App. 2018).  Our review proceeds accordingly.

Analysis

Daugherty's primary argument on appeal is that the trial court erred in failing to grant his motion for directed verdict for the alleged crimes against nurse Parks and officer Canup.  We will address those arguments separately.

**1. Nurse Parks**

Daugherty contends the circuit court erred by denying his motion for directed verdict upon the offense of third-degree assault against Parks.  Daugherty claims that Parks was not employed by the facility as required under Kentucky Revised Statutes (KRS) 508.025(1)(b);[2] thus, Daugherty maintains that he was not

---

[2] Kentucky Revised Statutes (KRS) 508.025 was amended effective June 29, 2023, and July 15, 2024.  Throughout this Opinion, we shall utilize the version of KRS 508.025(1) effective July 14, 2022, as Daugherty's criminal conduct took place on May 22, 2023.

guilty of third-degree assault thereunder. Daugherty points out that Parks was employed by Wellpath, which is a private entity that provides medical staff to correctional facilities. Daugherty asserts that Wellpath hired and employed Parks as a nurse to provide medical services at the penitentiary. For these reasons, Daugherty claims that he was entitled to a direct verdict of acquittal upon the offense of third-degree assault.

Assault in the third degree is set out in KRS 508.025 and reads in pertinent part:

> (1) A person is guilty of assault in the third degree when the actor:
>
> . . . .
>
>> (b) Being a person confined in a detention facility, or a juvenile in a state residential treatment facility or state staff secure facility for residential treatment which provides for the care, treatment, or detention of a juvenile charged with or adjudicated delinquent because of a public offense or as a youthful offender, inflicts physical injury upon or throws or causes feces, or urine, or other bodily fluid to be thrown upon an employee of the facility[.]

Relevant herein, under KRS 508.025(1)(b), a person is guilty of third-degree assault if he is incarcerated in a "detention facility" and throws feces on "an employee of the facility." There are no statutory definitions for the terms

"employee" and "detention facility." Consequently, these definitions must be ascertained by common law.

When interpreting a statute, legislative intent is paramount. *Commonwealth v. Plowman*, 86 S.W.3d 47, 49 (Ky. 2002). To determine legislative intent, we simply look to the language utilized in the statute, and unless ambiguous, words in a statute are given their plain and ordinary meaning. *Adams v. Commonwealth*, 599 S.W.3d 752, 754 (Ky. 2019) (citing *Stephenson v. Woodward*, 182 S.W.3d 162, 169-70 (Ky. 2005)). The interpretation of a statute presents an issue of law, and our review is *de novo*. *Commonwealth v. Love*, 334 S.W.3d 92, 93 (Ky. 2011).

Under KRS 508.025(1)(b), it is clear that the Kentucky State Penitentiary is a detention facility thereunder. And, when considering the term "employee" in KRS 508.025(1)(b), the ordinary meaning is "one employed by another [usually] for wages or salary." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY at 378 (10th ed. 2002). Employed ordinarily means "to use or engage the services of" or "to provide with a job that pays wages or a salary." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY at 378 (10th ed. 2002). The preposition "of," as found in KRS 508.025(1)(b), ordinarily denotes a relationship of belonging or association with something. MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY at 804 (10th ed. 2002). Therefore, under KRS 508.025(1)(b), an

employee of the facility simply means a person employed and paid wages to work at the detention facility.

Daugherty urges this Court to adopt a narrow view of the statute as applying to only those individuals directly employed by the detention facility (Kentucky State Penitentiary). However, such reading of the statute is antithetical to its plain terms and its underlying intent. KRS 508.025 was "designed to operate within the specific and unique environment of the prisons in which a prison inmate is prohibited from inflicting physical injury on a prison employee." *Covington v. Commonwealth*, 849 S.W.2d 560, 563 (Ky. App. 1992).

Parks worked as a full-time nurse at the detention facility, and she was bound by the rules and regulations of the facility. Parks performed an integral service at the facility by providing health care services to the inmates. The incident occurred at the detention facility when Daugherty threw a cup of feces upon Parks. Under these facts, Parks was an employee of the facility within the meaning of KRS 508.025(1)(b), and the evidence was sufficient to convince a reasonable juror to believe beyond a reasonable doubt that Daugherty intentionally threw feces upon Parks. Consequently, we conclude the circuit court did not err by denying Daugherty's motion for a directed verdict upon the offense of third-degree assault against Parks pursuant to KRS 508.025(1)(b). *See Benham*, 816 S.W.2d at 187; *Evans*, 544 S.W.3d at 168.

## 2. Officer Canup

Daugherty asserts that the circuit court erred by denying his motion for a directed verdict of acquittal upon the offense of third-degree assault upon officer Canup. Daugherty claims there was insufficient evidence that he threw feces upon Canup. According to Daugherty, a surveillance video showed that he threw feces on Parks; however, it also showed that Canup walked through feces on the floor, thus splashing feces upon his shoes and pants. Daugherty claims the evidence is insufficient to show that he actually threw the feces upon Canup's shoes and pants. As such, Daugherty maintains he was entitled to a directed verdict because the Commonwealth failed to prove beyond a reasonable doubt that he threw feces upon Canup.

At trial, the video surveillance showed Canup directly in front of the tray slot on Daugherty's cell. Canup testified that he actually opened the cell's tray slot, and once opened, Daugherty threw feces in his and in Parks' direction. Also, Canup testified his shoes and pants had drops of feces thereupon, and photos were introduced at trial showing same.

Viewing the evidence most favorable to the Commonwealth, there was sufficient evidence to induce a reasonable juror to believe beyond a reasonable doubt that Daugherty threw feces upon Canup's shoes and pants. Accordingly, we conclude the circuit court did not err by denying Daugherty's motion for directed

verdict upon the offense of third-degree assault upon Canup. *See Benham*, 816 S.W.2d at 187; *Evans*, 544 S.W.3d at 168.

For the foregoing reasons, the Judgment and Sentence on Plea of Not Guilty of the Lyon Circuit Court is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Jennifer Wade | Russell Coleman |
| Assistant Public Advocate | Attorney General of Kentucky |
| Department of Public Advocacy | |
| Frankfort, Kentucky | Ryan D. Mosley |
| | Assistant Solicitor General |
| | Office of the Solicitor General |
| | Frankfort, Kentucky |